## 65801. NEWMAN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals the trial court's denial of his motion to quash an accusation, which motion was based on an assertion of

double jeopardy. *Held:*

1. Formerly, this non-final issue could be presented only by application for review; however, the Georgia Supreme Court has held that a direct appeal will lie from an order overruling a plea of double jeopardy. *Patterson v. State,* 248 Ga. 875 (287 SE2d 7). We, therefore, consider the merits of this appeal.

2. The defendant was indicted for the offenses of habitual violator; driving under the influence and speeding. On the date of his arraignment in Cobb Superior Court, he pled not guilty and waived being formally arraigned. On April 28, 1982, before a jury was impaneled and sworn, the State entered a nolle prosequi of the indictment. Subsequently, the charge of driving under the influence was transferred to the Cobb County Solicitor's office where it subsequently was included in the accusation before the State Court of Cobb County to which the motion to quash was interposed.

OCGA § 17-8-3 (former Code § 27-1801) states: "After an examination of the case in open court and before it has been submitted to a jury, the prosecuting attorney may enter a nolle prosequi with the consent of the court." In the early case of *Jackson v. State,* 76 Ga. 551, 564, the Georgia Supreme Court held: "The defendant had no right to except to the entry of a *nolle prosequi* on the first bill of indictment, unless it had been entered without his consent after the case had been submitted to the jury, as in that event he would have been once in jeopardy, and could not have been so placed again. *Doyal's* case, 70 *Ga.,* 134, 142, *et seq.* The fact that a trial has been demanded on first indictment, does not vary or affect the rule, nor would it sustain a plea of *autrefois acquit,* or one setting up that the party was once in jeopardy. So he is tried at the term when the demand is made or the next succeeding term of the court for the offense charged in the indictment, he has had all the right given to him under the law (Code § 4648), and it seems to us immaterial, in any point of view, whether he was tried upon the indictment pending at the time when the demand was made, or upon another charging the same offense." See *Fortson v. State,* 13 Ga. App. 681 (1) (79 SE 746); *Ferguson v. State,* 219 Ga. 33, 35 (131 SE2d 538).

Nevertheless, the defendant argues that the act by the state of transferring the count of driving under the influence from the Superior Court to the State Court constituted prosecutorial misconduct because the prosecution was terminated improperly. Counsel for defendant urges in support of this theory OCGA § 16-1-8 (b) (2) (Code Ann. § 26-507) which provides: "A prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution: Was terminated improperly and the subsequent prosecution is for a

crime of which the accused could have been convicted if the former prosecution had not been terminated improperly."

We recognize, as argued by counsel, that the Code section does not require that a jury be impaneled and sworn. However, it does require an improper termination and the entry of a nolle prosequi is not improper. Thus, the fact one of the charges against defendant was subsequently brought in another forum would also not result in an improper termination or constitute the basis for prosecutorial misconduct. See the language we have previously quoted from *Jackson v. State,* 76 Ga. 551, 564, supra.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 15, 1983 —
REHEARING DENIED MAY 13, 1983.

*Howell C. Ravan,* for appellant.
*F. Gentry Shelnutt, Jr., Assistant Solicitor,* for appellee.