## 74798. COOK v. THE STATE.
(359 SE2d 716)

BEASLEY, Judge.

When appellant filed his enumerations of error and brief in this case, he also moved for an expedited decision on the appeal, "so the State Court of Gwinnett County can continue to function in an orderly and timely fashion." The state filed no response. We granted the motion.

Defendant was indicted (No. 622) September 7, 1986, on six counts for violation of the Georgia Securities Act of 1973 as amended (OCGA § 10-5-12 (a) (2)). After filing a motion to dismiss, a plea in abatement and an amendment, defendant filed a demand for speedy trial pursuant to OCGA § 17-7-170 on October 24. Subsequently a new indictment (No. 747) was returned alleging the same violations as the first but correcting certain defects of the former. Defendant withdrew his plea in abatement as amended to indictment 622 and requested that the state proceed on it, waiving "any defects." The state chose to proceed on indictment 747 and defendant filed numerous motions attacking that indictment. Defendant also filed a motion to dismiss indictment 622 on the same grounds as the motion regarding indictment 747. The motion to dismiss indictment 747 was heard on December 12, and after deferring decision until the parties submitted briefs, the court entered an order dismissing indictment 747 on January 8, 1987.

Defendant then withdrew his motion to dismiss indictment 622, and filed a motion for discharge and acquittal based upon the failure to comply with his demand for trial under OCGA § 17-7-170. The court denied this motion. Defendant then filed a motion to dismiss indictment 622 because the code section upon which it had been based was repealed July 1, 1986, and replaced by a new provision under the same code section number, OCGA § 10-5-12. The motion was denied and defendant appealed, assigning error in the denial of his motion for discharge and acquittal and in the denial of his motion to dismiss.

1. Although not technically a final judgment, the denial of a motion to dismiss (more properly, a motion for acquittal) based upon OCGA § 17-7-170 is directly appealable under OCGA § 5-6-34 (a). *Hubbard v. State*, 254 Ga. 694, 695 (333 SE2d 827) (1985); *Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375) (1983). That being true, in conjunction with appeal from that judgment defendant is entitled to raise the issue of the denial of his motion based upon the repeal of the statute describing his conduct as criminal. See *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (271 SE2d 199) (1980).

2. We first consider the issue of the repeal of OCGA § 10-5-12 because, if defendant's conduct is not punishable, issues as to a

speedy trial would be inoperative.

In 1973, a statute was passed which as amended in 1975 and 1979 provided: "It shall be unlawful for any person: . . . To offer to sell or to sell a security by means of any oral or written untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), if such person shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission." This was incorporated into the Code of 1981 as OCGA § 10-5-12 (a) (2).

The pending indictment alleges that on April 7, 1984, "in connection with the offer and sale" to certain named individuals regarding specified units of partnership interests, which units are alleged to be securities, defendant "unlawfully and willfully . . . made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, not misleading" in various particulars and by various means. This was substantially reiterated as to statements made to different individuals throughout the six counts of the indictment.

In 1986 the legislature amended OCGA § 10-5-12 by striking it "in its entirety" and inserting in its place a new Code Section 10-5-12 which reads: "It shall be unlawful for any person: . . . In connection with an offer to sell, sale, offer to purchase, or purchase of any security, directly or indirectly: . . . To make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading. . . ." OCGA § 10-5-12 (a) (2) (B).

In our determination of what legal effect this had on the crime allegedly committed by defendant prior to the passage of the 1986 Act, we are immediately confronted with *Robinson v. State*, 256 Ga. 564 (350 SE2d 464) (1986), which reversed this Court's decision, *Robinson v. State*, 180 Ga. App. 43 (348 SE2d 662) (1986).

In *Robinson*, the defendant was charged with violating OCGA § 16-13-31 (a), which was amended July 1, 1985, "by striking subsection (a) . . . in its entirety and substituting in lieu thereof, a new subsection (a)." Thus, exactly the same method of amendment was used by the legislature as was employed in revising the law applicable in this case. The only change in the substance of the drug statute language was the deletion of the words "or of a mixture containing cocaine," which followed the requirement that one be in possession of 28 grams or more of cocaine.

The Supreme Court quoted from the United States Supreme Court decision of *Bradley v. United States*, 410 U. S. 605, 607 (93 SC 1151, 35 LE2d 528) (1973) which observed: "At common law, the re-

peal of a criminal statute abated all prosecutions which had not reached final disposition in the highest court authorized to review them. . . . Abatement by repeal included a statute's repeal and reenactment with different penalties. . . . And the rule applied even when the penalty was reduced."

Our Supreme Court noted that *Gunn v. State*, 227 Ga. 786 (183 SE2d 389) (1971) set out the common law doctrine which is "the law in Georgia." The Court then held: "When a statute making described conduct a crime is repealed prior to final judgment on a conviction, the repeal ends the prosecution if the legislature has not provided otherwise in a saving clause." Absent a saving clause in that case, the court found defendant's conduct was no longer a crime and the prosecution was at an end.

The state has cited authority and legal precepts in support of its view that the statutory change did not vitiate the law effective on April 7, 1984, the date of the alleged crime. However, *Robinson* controls, and under the Ga. Constitution of 1983, Art. VI, Sec. VI, Par. VI, we must follow binding precedent.

One of the maxims stressed by the state is that even if the prior law were repealed, it would not be abolished where the legislature simultaneously reenacted a statute dealing with the same conduct. That was one of the grounds on which this Court bottomed its holding in *Robinson*, but the Supreme Court by its ruling impliedly found no merit in such theory.

The state also urges that the law did not change and thus there was no break in continuity. This too was not specifically addressed in *Robinson*. We consider such contention only insofar as the quotes from *Bradley* and the reference to the common law contained in *Robinson* might indicate the degree of similarity as a policy consideration in determining what transpired when the former law was repealed and then reenacted.[1]

We note significant changes in the language of the statute. 1) Prior to 1986 the criminal act condemned was "to offer to sell or to sell by means of . . . [an] untrue statement," etc. Under the 1986 enactment one is forbidden to make an untrue statement "in connection with an offer to sell, sale, offer to purchase, or purchase of any security, directly or indirectly." Defendant has argued the difference in interpretation by the courts between "by means of" and "in connection with" under the federal securities' laws of 1933 and the Federal Securities Exchange Act of 1934, particularly regarding the status of attorneys. While this argument is persuasive so that we might be in-

---

[1] If the Court's language is literally interpreted, it would make no difference. See the concluding paragraph in *Robinson*, supra beginning at 565.

clined to agree in principle, the most obvious reason for recognizing the change is simply that a plain examination of the language utilized evinces a broader scope of the 1986 Act irrespective of one's status. "In connection with" a sale, etc., encompasses other conduct not necessarily forbidden under the code which formerly required a sale or offer by means of untrue statements or omissions of material fact.

The 1986 Act omits the parenthetical language formerly contained in the code: "(the buyer not knowing of the untruth or omission)." So the element of whether the buyer is actually deceived has been deleted, resulting in one less factor the state must establish to show criminality.

Also omitted from the 1986 Act is the burden imposed on the accused to prove that he lacked knowledge of the untruth or omission.

Thus, the essential character of the criminal act has been modified by the 1986 statute. It is particularly significant here because the indictment tracks the code section as revised in 1986. It alleges untrue statements or omissions of material fact made "in connection with the offer and sale" of denominated units of a partnership interest. It is devoid of an allegation regarding whether the buyers knew of the untruth or omission. Therefore, the defendant is charged with acts which, while they may be a violation of the 1986 law, were not criminal in 1984, and the criminal provisions which then applied have been rendered non-existent by the statutory change.

In summary, there are no grounds to except this case from the general rule promulgated in *Robinson*. The judgment denying defendant's motion must be reversed. This renders moot any need to determine whether defendant's speedy trial rights were violated.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 30, 1987 —
REHEARING DENIED JULY 15, 1987.

*Charles A. Mullinax*, for appellant.

*Sam B. Sibley, Jr., District Attorney, George N. Guest, Assistant District Attorney*, for appellee.