### 77511. McINTYRE v. THE STATE.

(377 SE2d 532)

BEASLEY, Judge.

Defendant was charged with possession of more than one ounce of marijuana (OCGA § 16-13-30 (a)) as a result of a search pursuant to a warrant of the home occupied by her and Clarence McIntyre. The indictment was returned on April 21, 1988. On May 17 she filed her motion to suppress contesting the sufficiency of the affidavit upon which the warrant was issued and further requesting return of the items seized, including $59,100 in cash.

On June 2 a motion for nolle prosequi was filed and granted. OCGA § 17-8-3. Defendant was unaware of that order until her hearing on June 7 on her motion to suppress. She was advised of the nolle prosequi but asserted her right to pursue the return of property seized even if the nolle prosequi order had been entered.

Defendant appeals both the entry of the nolle prosequi without her consent and the failure of the court to return the cash.

1. The first two enumerations claim error in the State's submis-

sion of the motion for and the court's entry of the nolle prosequi order ex parte. A nolle prosequi pursuant to OCGA § 17-8-3 may be entered without the consent of the accused at any time prior to the attachment of jeopardy. *Newman v. State*, 166 Ga. App. 609 (305 SE2d 123) (1983); *Fortson v. State*, 13 Ga. App. 681 (79 SE 746) (1913). Jeopardy not having attached, *Shaw v. State*, 239 Ga. 690, 692 (1) (238 SE2d 434) (1977); *White v. State*, 143 Ga. App. 315, 319 (4) (238 SE2d 247) (1977), the entry without consent of defendant was not error.

To the extent that defendant complains of alleged violations of the Canons of Ethics governing attorneys and of the Code of Judicial Conduct, those complaints are not properly made to this court.

2. Defendant also contends that the court's refusal to hear and rule upon her motion for return of the money violated her rights under the Fourth, Fifth and Fourteenth Amendments to the Federal Constitution.

There is presently pending before another panel of this court *State v. McIntyre* (case no. A89A0123). In that appeal the State seeks reversal of another Clayton County judge's order which specifically finds that the $59,100 at issue here is not presently in the possession of the State, having been turned over to the United States and now the subject of a federal forfeiture action, but then it orders the State to return the money to Clarence McIntyre.

That order, entered July 19, 1988, moots the question presented by Ms. McIntyre in this action. Her further causes of action, if any, lie against either the United States of America or Clarence McIntyre.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1989.

*Herbert Shafer*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.