A89A0592. WEIDLUND v. THE STATE.
(382 SE2d 709)

SOGNIER, Judge.

Donald Weidlund appeals from the trial court's denial of his motion for acquittal pursuant to OCGA § 17-7-170. See *Cook v. State*, 183 Ga. App. 720 (1) (359 SE2d 716) (1987).

Appellant was indicted in Camden Superior Court on November 25, 1987 on one count of trafficking in cocaine. Camden Superior Court has two terms, Constitution of Georgia 1983, Art. VI, Sec. I, Par. VI, which terms start on the first Monday in April and November. OCGA § 15-6-3 (7) (B). Thus, appellant was indicted at the November Term. Appellant made a demand for trial within that term, on March 23, 1988. The trial court in its order on appellant's motion noted that a jury was impaneled during the November 1987 term of

court, on March 28, 1988, which could have tried appellant. Trial was set for April 11, 1988, within the April Term of the court. Appellant's co-defendant requested a continuance and agreed to withdraw his demand for trial, but appellant's counsel announced ready and stated that appellant was not withdrawing his demand. The trial court thereupon severed appellant's trial from that of his co-defendant, and a jury was selected. However, when court reconvened on April 14, 1988 for the trial, appellant's counsel moved for a continuance on the basis that although a demand for all scientific reports had been made, appellant had not been provided with a crime lab report concerning the identity of latent fingerprints that had been lifted from the package alleged to have contained the contraband. Appellant also moved for a continuance on the ground that one of the jurors had failed to appear. The motion for a continuance was granted and subsequently appellant's case was placed on the trial calendar and was tried on October 24, 1988, during the April Term. The trial resulted in a hung jury. When the case was placed on the trial calendar in the succeeding November Term, appellant moved for acquittal under OCGA § 17-7-170.

OCGA § 17-7-170 provides in pertinent part: "(a) Any person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting his life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter . . . . (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." " 'A defendant who has made a proper demand for a trial is entitled to an automatic discharge without further motion if he is not tried on the second term of court provided a jury is present at each term who is qualified to try him.' [Cit.] It is not disputed that juries were present, qualified and impaneled during all pertinent terms of court. [Appellant's] demand for trial in accordance with OCGA § 17-7-170 (a) was properly filed in the [November 1987] term of court. Therefore, [appellant] was entitled to an absolute discharge and acquittal if he had not been put on trial before the end of the [April 1988] term . . . provided 'that the failure to try be not due to the voluntary act of the defendant; as, for instance, voluntary absence from court, or obtaining a postponement to another term, and the like. In all such cases the defendant will be held to have waived his demand. It has been said many times that unless the demand be waived by some affirmative act of the defendant, the only alternative is trial or acquittal by discharge.' . . . [Cit.] The inquiry, thus, becomes whether [appellant] waived his right to automatic discharge

and acquittal by some affirmative act on his part. '(T)he burden of showing a waiver is on the (S)tate.' [Cit.]" *State v. McNeil,* 176 Ga. App. 323, 324-325 (335 SE2d 728) (1985).

The State argues, and the trial court found, that appellant waived his rights under OCGA § 17-7-170 when he moved for a continuance based on the State's failure to provide him with a scientific report demanded by appellant pursuant to OCGA § 17-7-211. In the transcript of the conference before the trial court on Monday, April 11, 1988, in which appellant's co-defendant waived his right to a speedy trial but appellant declined to do so, the assistant district attorney stated to the court that the State did not have a written copy of the fingerprint analysis sought by both defendants, but that he had been assured the test would be conducted the following day (Tuesday, April 12th) and that the fingerprint expert would be available to testify "by Thursday." That Thursday was April 14th, the day appellant moved for a continuance in the absence of the test results. Appellant's counsel testified he received the report from the crime lab in late September or early October and the report, dated September 6, 1988, was submitted into evidence during appellant's October 24, 1988 trial.

Even assuming appellant was not entitled to the fingerprint report in April 1988 because, contrary to statements made by the assistant district attorney to the trial court that the test would be conducted and the expert ready to testify by trial on April 14th, the report was not "written" and "in the possession of or available to the prosecuting attorney" under OCGA § 17-7-211 (b), so that appellant was not entitled to the continuance upon the State's failure to produce the report, see *Law v. State,* 251 Ga. 525 (307 SE2d 904) (1983), nevertheless, the continuance " 'did not delay the trial past the time within which trial could be held in accordance with his demand. In *Walker v. State,* 89 Ga. 482 (15 SE 553) ([1892]), appellant's case was called on the last day when he could be tried consistent with his timely demand. The court agreed, at defendant's request, to pass the case until later in the day. The day ended and the court adjourned, closing the term, without calling defendant's case again. The Supreme Court held that there was no waiver under those facts and stated: "A waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term." ' [Cit.] 'That "passing the case until a subsequent term" means to a term outside the period of the demand was made clear in *Adams v. State,* 129 Ga. App. 839 (201 SE2d 649) ([1973]).' [Cit.] In *Adams,* the defendant's trial held in the same term as [her] demand ended in a mistrial. She agreed to a postponement of the re-trial until the next term of court. However, she was not tried during that term. Instead,

without her consent, the trial was continued until the following term. This court held that there was no waiver of her demand. Specifically, no waiver occurred by her agreement to postpone the trial until the second term covered by her demand because it was still within a term suitable for her trial according to her demand. A waiver would have occurred in *Adams* only if she had agreed to postpone the trial to a time outside the term of the demand." *McNeil*, supra at 325.

Based upon the foregoing, we do not agree with the State that appellant's action in moving for a continuance until the test results were forthcoming, when the State failed to produce scientific test results it had informed the trial court would be ready on the day of trial, constitutes a waiver of appellant's rights. The continuance appellant obtained, even if it could be characterized as an affirmative or voluntary act by appellant, did not postpone his trial to another term, since the report was ultimately provided to appellant within the April 1988 term. Appellant was then tried and " '[t]he fact that a mistrial was declared at the next term after the defendant had made demand for trial is not a reason for refusing his discharge. "The court could have put the defendant on trial before another jury at the same term of the court." [Cits.]' [Cits.] 'So far as the record discloses, there was no obstacle in the way of trying the defendant again at the [April] term, except the difficulty and expense of obtaining another jury.' [Cit.]" *State v. Allen*, 165 Ga. App. 86, 88 (299 SE2d 158) (1983). Therefore, the trial court erred by denying appellant's motion for discharge and acquittal. *McNeil*, supra.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 24, 1989.

*Clyde M. Urquhart*, for appellant.
*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.