## A94A2485. WILLIAMS v. THE STATE.
(454 SE2d 142)

RUFFIN, Judge.

Trazet Williams appeals from the trial court's denial of her motion for discharge and acquittal pursuant to OCGA § 17-7-170.

On August 12, 1993, Williams was indicted for possession of cocaine with the intent to distribute. The Clayton County Superior Court has four terms which start on the first Monday in February, May, August, and November. OCGA § 15-6-3 (10). Thus, Williams was indicted during the August term. She was arraigned on October 15, 1993 and filed a demand for speedy trial within that term or the next succeeding term of court. See OCGA § 17-7-170. The case first appeared on the December 13, 1993 calendar, but was not reached. It appeared again on the January 10, 1994 calendar, but because Williams's attorney had a legal conflict in another court, he requested a three to four-day continuance. The trial court continued the case until January 31. The State does not dispute that jurors were impaneled during the week beginning January 31, the last week of the term in which Williams could be tried pursuant to her demand. However, the case was not tried that week.

On April 11, 1994, Williams moved for discharge and acquittal because she had moved for a speedy trial and the case had not been tried prior to the expiration of the November 1993 term as required by OCGA § 17-7-170. The State moved to dismiss the demand on grounds that it had never been served with the demand and that Williams had not raised the issue earlier. The court denied the State's motion. The court also denied Williams's motion for discharge and acquittal, ruling that the continuance of the case by Williams's attorney constituted a waiver of the demand for a speedy trial.

1. Williams contends that she did not waive her right to a speedy trial by virtue of her attorney's request for a continuance and that the trial court erred in denying her motion for discharge and acquittal. We agree. "The defendant may waive his right to such automatic discharge by some action on his part or on the part of his counsel. Any affirmative action of the defendant which results in a continuance of the case, or a failure to try it within the time fixed by the statute after the filing of a demand, has the effect of tolling the time. A waiver of the demand would result from a continuance granted on the motion of the accused, or *from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term.*" (Citation and punctuation omitted.) *Ballew v. State,*

211 Ga. App. 672, 673 (440 SE2d 76) (1994). Although Williams's attorney did request a continuance, "the continuance did not delay the trial past the time within which trial could be held in accordance with [Williams's] demand" (punctuation omitted), *Weidlund v. State*, 191 Ga. App. 668, 670 (382 SE2d 709) (1989), because jurors were impaneled during the week beginning January 31. Thus, we do not agree with the State that the request for a three to four-day continuance prior to January 31, the last week in which a trial could be held in accordance with the demand, waived Williams's right to a speedy trial.

The State also argues that because Williams announced ready for trial on two occasions after the November term expired, she affirmatively waived her right to a speedy trial. We disagree. "A waiver must reflect that the defendant affirmatively sought to avoid trial." (Citation and punctuation omitted.) *McKnight v. State*, 215 Ga. App. 899 (3) (453 SE2d 38) (1994). We do not find this behavior to be consistent with seeking to avoid trial.

2. The State argues the trial court properly denied Williams's motion because it was never served with the demand for speedy trial prior to the expiration of the two terms. However, the State previously moved to dismiss the demand on this ground, and the trial court denied the motion. The State does not directly challenge the correctness of that ruling, but simply reasserts that it was never served in opposition to Williams's appeal. It is implicit in the trial court's ruling that it determined the State had been properly served with Williams's demand. "We are bound by that finding as this court is not a trial court and not a factfinder. [Cit.]" *Whiteley v. State*, 188 Ga. App. 129, 130 (1) (372 SE2d 296) (1988).

*Judgment reversed. Birdsong, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur specially with the majority opinion to stress the importance of the specific facts of this case in rendering the majority opinion. During the second term of court, this case was continued from the trial court's January 10, 1994 calendar, upon the request of Williams' counsel for a three or four-day continuance. Williams' counsel requested the continuance because he was on trial in another court which he estimated would take three or four days. Rather than granting the request for a three or four-day continuance, the trial court continued the case for 21 days, until January 31, 1994, and was then unable to try the case.

Such a continuance, not requested by Williams, cannot constitute a waiver of her speedy trial demand. Therefore, the State did not satisfy its burden of proving a waiver of Williams' speedy trial demand.

As the trial court found that the speedy trial demand had been properly filed, it was charged with notice of such at the time it continued the case to the last week of the second term. In any event, the trial court was not required to grant Williams' request for a continuance and could have put her on trial immediately.

If the trial court was concerned with being able to reach defendant's case upon the granting of an in-term continuance, it could have conditioned the granting of same upon defendant's waiver of her speedy trial demand. The trial court controls its calendar and is aware of speedy trial requirements in those cases before it. Under the facts of this case, the trial court's denial of defendant's motion to dismiss the indictment must be reversed.

DECIDED JANUARY 19, 1995 — ▮▮▮▮▮▮▮▮▮

*Herbert Shafer,* for appellant.
*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney,* for appellee.