## A97A1187. WILLIAMS v. THE STATE.
(487 SE2d 470)

BLACKBURN, Judge.

Kim Williams a/k/a Kim Hannah appeals the sentence he received after entering a guilty plea to the crimes of aggravated assault and criminal trespass. Williams contends that the trial court erred in failing to sentence him on the criminal trespass charge, in failing to allow him to cross-examine the victim, and in sentencing him to a harsher sentence than that offered by the State in a plea offer which he did not accept. For the reasons set forth below, we affirm Williams' sentence.

1. Williams enumerates as error the trial court's failure to sentence him on the criminal trespass charge to which he pled guilty. Williams argues that because the trial court failed to find him guilty and pronounce sentence on the criminal trespass charge, this Court should vacate the sentence imposed on the aggravated assault charge and remand the case for resentencing. Pretermitting whether such a result would be necessary even if the trial court erred, the record before us indicates that a nolle prosequi order was entered on the criminal trespass charge.

Whether the nolle prosequi was properly entered is not before us on appeal. Furthermore, as the circumstances under which it was entered are not in the record, we must assume the proper procedure was followed. See OCGA § 17-8-3; *Hubbard v. State*, 225 Ga. App. 154, 156 (483 SE2d 115) (1997) (absent a transcript it must be assumed that proper procedure for entering an order of nolle prosequi was followed). Therefore, Williams' enumeration of error is without merit.

2. Williams contends the trial court erred in failing to allow him to cross-examine the victim pursuant to OCGA § 17-10-1.2 (c). Such Code section provides, in relevant part, that the "court shall allow the defendant the opportunity to cross-examine and rebut the evidence presented of the victim's personal characteristics and the emotional impact of the crime on the victim." However, OCGA § 17-10-1.2 (d) provides that "[n]o sentence shall be invalidated because of failure to comply with the provisions of this Code section. This Code section shall not be construed to create any cause of action or any right of appeal on behalf of any person." Therefore, Williams' enumeration is without merit.

3. Williams contends that the trial court imposed a harsher sen-

tence on the aggravated assault charge because he did not accept the State's plea offer. The State's original offer recommended a sentence of ten years for a guilty plea. However, Williams did not accept the plea, but instead entered an "open-ended" plea of guilty. During sentencing, the State recommended the maximum sentence of 20 years imprisonment. See OCGA § 16-5-21. The trial court sentenced Williams to seventeen years — twelve years imprisonment and five years probation.

Williams asserts that the United States Supreme Court's decision in *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969), should be extended to the present case. The *Pearce* decision requires the trial court to make an affirmative statement on the record regarding its reasons for increasing the defendant's sentence upon any retrial. See *Bennett v. State*, 158 Ga. App. 421, 428 (9) (280 SE2d 429) (1981). We have previously determined that *Pearce* has no applicability in similar circumstances.

In *Bennett*, supra, the defendant withdrew his guilty plea before sentence was pronounced and was convicted at trial. The defendant maintained that the original sentence that would have been imposed prior to withdrawing his guilty plea was more lenient than the sentence he received after trial. Id. "The holding in *Pearce* addresses the issue of 'constitutional limitations . . . upon the general power of a judge to impose upon *reconviction* a longer prison sentence than the defendant *originally received.*'" (Emphasis in original.) Id. at 428 (9). We determined that *Pearce* applied only "in the case where, after a successful attack on the original conviction and subsequent reconviction, a defendant receives a more severe sentence than was *originally imposed.*" (Emphasis in original.) Id. In the present case, as in *Bennett*, Williams' sentence is not more severe than the imposition of a prior sentence, because no prior sentence was imposed. Therefore, we decline to extend the requirements of *Pearce* to the present situation.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JUNE 5, 1997.

 Before Judge Ellington, pro hac vice.

*Lovett Bennett, Jr.*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.