# Court of Appeals
# of the State of Georgia

ATLANTA,  September 14, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0216. DARYL BAPTISTE v. THE STATE.**

In 1994, Daryl Baptiste was indicted in DeKalb County on charges of armed robbery, aggravated assault, false imprisonment, kidnapping, and theft by taking. On October 24, 1996, the trial court entered an order of nolle prosequi as to the 1994 case (Case No. 94-CR-2611-87), noting that Baptiste had been re-indicted in 1996 for crimes resulting from the same incident giving rise to the 1994 case, including four counts of aggravated assault, two counts of burglary, and two counts of false imprisonment. The 1996 case (Case No. 96-CR-5149) resulted in Baptiste pleading guilty to two counts of aggravated assault and two counts of false imprisonment. The trial court denied Baptiste's subsequent motion to withdraw his guilty plea, and on appeal, this Court affirmed Baptiste's convictions. See *Baptiste v. State*, 229 Ga. App. 691 (494 SE2d 530) (1997).

Despite the nolle prosequi that was entered in the 1994 case, Baptiste proceeded to file a number of pro se motions and appeals in that case. See Case No. A06A1179 (dismissed February 17, 2006); Case No. A06D0226 (dismissed March 9, 2006); Case No. A06A2180 (dismissed July 21, 2006); Case No. A11A0568 (dismissed December 2, 2010). On September 15, 2020, acting through counsel, Baptiste filed a motion for an out-of-time appeal in the 1994 case. Relying on the Supreme Court of Georgia's decision in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), the trial court dismissed that motion on March 22, 2022. On May 25, 2022, Baptiste filed a pro se notice of appeal which failed to specify the order being appealed. Baptiste filed an amended notice of appeal on July 19, in which he refers

to both the trial court's order of July 21, 2020[1] as well as to his October 10, 1996 motion to dismiss the indictment. And on July 22, Baptiste filed a second amended notice of appeal stating that he was appealing the trial court's October 24, 1996 order denying his motion to dismiss the 1994 indictment. For reasons explained more fully below, we must dismiss this appeal.

To the extent Baptiste is seeking to appeal the dismissal of his motion for an out-of-time appeal, the 2020 order denying Baptiste's motion for an out-of-time appeal and the appointment of counsel, and/or the trial court's 1996 nolle prosequi order, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Redford v. State*, 357 Ga. App. 247, 250 (850 SE2d 447) (2020). Baptiste, however, did not file this appeal until 64 days after entry of the trial court's order dismissing his out-of-time appeal motion, until 22 months after entry of the 2020 order, and until over 25 years after entry of the nolle prosequi order.

Even if this appeal were timely, however, none of the orders at issue present a cognizable basis for an appeal. See *Polanco v. State*, 313 Ga. 598, 599 (872 SE2d 268) (2022) (a trial court's entry of an order dismissing a defendant's motion for out-of-time appeal "will be unlikely to present any cognizable basis for an appeal"); OCGA § 17-8-3 (a nolle prosequi may be entered without the consent of the accused at any time prior to the attachment of jeopardy); *McIntyre v. State*, 189 Ga. App. 764, 765(1), 377 S.E.2d 532 (1989) (same).

For the foregoing reasons, this appeal is hereby DISMISSED.

---

[1] The July 21, 2020 order denied Baptiste's motion seeking an out-of-time appeal and requesting the appointment of counsel to represent him in such an appeal.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* <u>  09/14/2022  </u>

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

<u>        Stephen E. Castlen                        </u> *, Clerk.*