## A93A1590. CLEMMONS v. THE STATE.
(437 SE2d 350)

JOHNSON, Judge.

Hartford Clemmons appeals from his convictions of rape, aggravated assault, false imprisonment and possession of a firearm during the commission of a felony. The trial court, pursuant to Clemmons' request, appointed counsel to represent Clemmons on appeal. His appointed attorney has filed enumerations of error and a brief. Clemmons has also filed, pro se, a supplemental brief raising several errors not contained in his counsel's enumerations or brief. Clemmons did not obtain leave of court to file a supplemental brief. Court of Appeals Rule 12. Moreover, because the appellant does not have a right to be represented by counsel and also represent himself, we will consider only the enumerations of error and brief presented by counsel. *Boyd v. State*, 195 Ga. App. 758, 759 (395 SE2d 7) (1990).

1. Clemmons contends that the trial court erred in denying his motions for a directed verdict and a new trial on the charge of possession of a firearm during the commission of a felony because of a fatal variance between the allegata and probata. Clemmons claims that although he was indicted for having a pistol on his person during the rape, the evidence shows that he had the gun on his person only before, not during, the rape. This argument is without merit because, viewing the evidence in the light most favorable to the verdict, the jury could have found beyond a reasonable doubt that Clemmons had the gun on his person during the rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 208 Ga. App. 12, 14 (430 SE2d 157) (1993). The evidence shows that the victim and a friend, Paul Giles, visited Clemmons at his house. Giles left the house to purchase beer. While he was gone, Clemmons hit the victim in the face with his hand, knocked her to the ground and stomped on her stomach with his foot. When Giles returned to the house, Clemmons grabbed a gun from behind a dresser, pointed it at Giles and threatened to shoot him if he did not leave the house. Giles testified that the victim then attempted to leave the house, but Clemmons would not let her and instead forced Giles to leave. After Giles left, Clemmons forced the victim onto a bed after placing the gun on the nearby dresser, and completed the rape.

It is true that this evidence shows that Clemmons did not have the gun on his person at the instant of penetration. Carnal knowledge, however, is only one element of the crime of rape. "A person commits the offense of rape when he has carnal knowledge of a female *forcibly*

and against her will. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ." (Emphasis supplied.) OCGA § 16-6-1 (a). "Force is an essential element of rape. [Cit.]" *Williamson v. State*, 186 Ga. App. 589 (1) (367 SE2d 863) (1988). "Intimidation may substitute for force." (Citations and punctuation omitted.) *Raines v. State*, 191 Ga. App. 743, 744 (1) (382 SE2d 738) (1989). Here, the jury was authorized to find that the force element of the rape began when Clemmons first hit the victim. That force continued when Clemmons used the gun to make Giles leave the house, immediately after which he placed the gun on the dresser and forced the victim to submit to sexual intercourse. Under these facts, the jury could have concluded that Clemmons, although he did not point the gun at the victim, used it to intimidate her and had the gun on his person during the ongoing force applied to accomplish the rape. There is, therefore, no variance between the allegation and the proof.

Even if there were a variance, it would not be fatal. "Based on *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) (1969), our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense." (Citations and punctuation omitted.) *Gordon v. State*, 206 Ga. App. 450, 453 (2) (b) (425 SE2d 906) (1992). The claimed variance between the allegation and the proof in the instant case did not affect Clemmons' substantial rights. The indictment definitely informed Clemmons that he was charged with possession of a firearm during the commission of the rape so as to enable him to present his defense and not be surprised at trial. The indictment also was adequate to protect Clemmons from another prosecution for that offense. The trial court did not err in denying Clemmons' motions for a directed verdict and a new trial on that offense.

2. Clemmons argues that the court erred in imposing a sentence of life imprisonment on the rape conviction. Clemmons does not claim, and has made no citation to the record, indicating that he raised this challenge in the trial court. The transcript of the sentencing hearing clearly shows that Clemmons did not raise this argument at that hearing. Clemmons also did not set forth this alleged error in the written motion and amended motion for a new trial. We do not know if this contention was raised at the hearing held on that motion

because the record does not contain a transcript of that hearing. "We need not address this contention because it does not appear to have been raised in the superior court. [Cits.] The appellant has the burden of showing error affirmatively by the record and the burden is not discharged by mere recitations in the brief. [Cit.]" *State v. Meredith*, 206 Ga. App. 562, 563 (425 SE2d 681) (1992).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 21, 1993.

*Johnny B. Mostiler*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Daniel A. Hiatt, William T. McBroom III, Assistant District Attorneys*, for appellee.