A94A1080. HEATON v. THE STATE.
(448 SE2d 49)

BLACKBURN, Judge.

Following a trial by jury, the appellant, Charles Edward Heaton, was convicted of two counts of aggravated assault and one count of terroristic threats. This appeal followed.

1. In his first three enumerations, which he argues collectively, Heaton contends that the trial court erred in denying his motions for a directed verdict and a new trial on the terroristic threats charge because of a fatal variance between the allegata and probata. Specifically, he maintains that there is no evidence that he threatened to assault Barbara Mitchell with a gun. Heaton asserts that the State's evidence showed that he was not in possession of a gun at the time of their confrontation, and during his testimony, he denied that he was in possession of a gun at the time that he talked to Mitchell.

Heaton's argument is without merit. Viewing the evidence in the light most favorable to the verdict, the jury could have found beyond a reasonable doubt that Heaton was in possession of a gun immediately before and during the confrontation with Mitchell. See *Clemmons v. State,* 210 Ga. App. 632 (437 SE2d 350) (1993); *Hood v. State,* 192 Ga. App. 150 (1) (384 SE2d 242) (1989). The indictment charged Heaton with the offense of terroristic threats and acts for threatening an aggravated assault against Mitchell with the purpose of terrorizing her. Both Mitchell and another witness who was present during the confrontation testified that Heaton went up to Mitchell and threatened to blow her head off after Mitchell questioned him concerning his assault of her son and another youth. Although there is

---

evidence that Heaton gave the gun to a friend as he was approached by Mitchell, there is also evidence that the gun was returned to Heaton and was in Heaton's possession during the confrontation. Accordingly, there is no fatal variance between the allegation and the proof. *Clemmons*, supra.

2. Next, Heaton maintains that the trial court erred in excluding the testimony of Tommy Lowe concerning prior bad acts committed by one of the assault victims, asserting that this testimony was admissible for impeachment purposes. Although OCGA § 24-9-84 provides that a witness may be impeached by a showing of general bad character, specific acts of bad character are not admissible. *Gresham v. State*, 169 Ga. App. 525 (2) (314 SE2d 111) (1984). The proffered testimony of Tommy Lowe related solely to specific bad acts and not to the general bad character of the victim. Therefore, the testimony was not admissible.

3. Relying on OCGA § 24-9-68, Heaton argues in his fifth enumeration of error that the trial court erred in denying him the right to examine certain witnesses to show their gang affiliations. Although the proffered testimony showed that a gang made threats against Heaton based upon his refusal to become a member, the testimony did not relate to the state of the victim's feelings toward Heaton or the victim's relationship with Heaton, and hence, was inadmissible under OCGA § 24-9-68. See *Lott v. State*, 206 Ga. App. 886 (2) (426 SE2d 667) (1992).

4. Next, Heaton argues that the trial court erred in excluding testimony offered by defense witnesses on the circumstances immediately surrounding the incident which would explain his subsequent conduct. However, any error in excluding this testimony was harmless since Heaton testified without objection on the circumstances which prompted his conduct. Hence, the testimony would have been cumulative. *DeBerry v. State*, 241 Ga. 204 (3) (243 SE2d 864) (1978).

5. Heaton further argues that the trial court erred in failing to charge the jury on justification and defense of others. However, because Heaton denied making any terroristic threats to Mitchell and denied assaulting the other victims, neither charge was authorized by the evidence. See *McCranie v. State*, 172 Ga. App. 188 (2) (322 SE2d 360) (1984).

6. Lastly, Heaton asserts that the trial court erred in charging the jury that "[m]oral and reasonable certainty is all that can be expected in a legal investigation." Specifically, he maintains this charge was confusing and authorized the jury to apply a lesser standard of proof than guilt beyond a reasonable doubt. This language was specifically disapproved by the Supreme Court in *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992) and should not be used in the future. As in *Vance*, the court's charge as a whole in the case sub judice repeatedly

and accurately conveyed to the jury the concept of reasonable doubt. In light of the evidence against Heaton, the use of this prohibited language, when considered in the context of the entire charge, created no reversible error. Id. See *Swayzer v. State*, 263 Ga. 689 (2) (436 SE2d 652) (1993); *Beck v. State*, 211 Ga. App. 125 (3e) (438 SE2d 391) (1993).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1994 —
RECONSIDERATION DENIED AUGUST 18, 1994.

*Paul S. Weiner*, for appellant.

*Robert E. Keller, District Attorney, Gina C. Naugle, Assistant District Attorney*, for appellee.