A04A0448. LOPEZ v. THE STATE.
(598 SE2d 898)

ANDREWS, Presiding Judge.
Hector Lopez was convicted by a jury of obstruction of an officer, attempting to elude an officer, reckless conduct, and driving under the influence. On appeal, Lopez raises eight enumerations of error. After reviewing the record, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. On the night in question, officers received a call to be on the lookout for a possible drunk driver. Officer Pace drove to the location given and spotted the car with Lopez driving. The car was weaving "all over the road." Pace turned on his lights and siren to pull the car over. Lopez did not stop but continued weaving from one side of the road to the other. Another officer, Sergeant Smith, came from behind and pulled around in front of Lopez's car, partially blocking it. Lopez stopped, then started again and then stopped. Pace walked up to Lopez's car and opened the driver's side door. Lopez was leaning on the steering wheel looking up at him, and the officer smelled a strong odor of alcohol coming from the car. Suddenly, Lopez stepped on the gas, and Pace had to get out of the way to keep from being hit. Sergeant Smith testified that he was walking toward Lopez's car when Lopez suddenly accelerated and drove straight

---

[6] *Carney v. JDN Constr. Co.,* 206 Ga. App. 785, 787 (2) (426 SE2d 611) (1992).

toward him. Smith said that as he was moving out of the way, he fired his gun at the car, hitting Lopez in the shoulder. Smith stated "[h]e looked me straight in the eyes, gunned his car in my direction, and I thought he was going to run over me."

Lopez continued to drive after being struck by the bullet, and Pace got back in his patrol car and chased Lopez, who eventually ran off the road and was captured.

The jury found Lopez not guilty of aggravated assault and one count of obstruction of an officer. They found him guilty of one count of obstruction of an officer, two counts of attempting to elude an officer, three counts of reckless conduct, and one count of driving under the influence. This appeal followed.

1. In his first enumeration of error, Lopez claims the trial court erred in not dismissing the indictment due to selective prosecution,[1] prosecutorial misconduct, and prosecutorial vindictiveness. Lopez was initially charged with four counts: aggravated assault on a police officer, driving under the influence, attempting to elude, and reckless driving. Lopez was reindicted and charged with aggravated assault on a police officer, two counts of obstruction of an officer, two counts of attempting to elude an officer, two counts of reckless conduct, reckless driving, speeding, and driving under the influence. Lopez claims the prosecutor reindicted him and increased the severity of the charges against him because he filed a § 1983 claim against the police officers in federal court.

> An indictment obtained without the dismissal of a prior indictment is a superseding indictment. A grand jury is not prevented from returning another indictment against an accused, even though an indictment is pending, where there has been no jeopardy upon the first indictment, and the existence of a prior indictment generally is not grounds for quashing the second indictment, although the state may be required to elect upon which indictment it will proceed. However, a reindictment increasing the severity of the charges following the exercise of certain procedural rights may create an appearance of vindictiveness, and where it does so, the burden is shifted to the government to prove that the decision to reindict with more severe charges did not result from any vindictive motive.

---

[1] We will not address the selective prosecution claim because defense counsel admitted at the hearing that he did not have evidence to support this claim.

(Citations and punctuation omitted.) *Larochelle v. State*, 219 Ga. App. 792, 794 (466 SE2d 672) (1996).

Even assuming that a suit against police officers could justify an allegation that the prosecutor was motivated by vindictiveness when deciding to reindict, the State gave sufficient reasons for the decision to reindict to show that it was not made with any vindictive motive. At the hearing on the motion to dismiss the indictment, the evidence was that officers originally charged Lopez with felony fleeing and attempting to elude, but the original indictment did not reflect that, and it was charged as a misdemeanor in error. The original prosecutor assigned to the case testified that after she viewed the videotape of the encounter in early February, she met with the subsequent prosecutor and suggested that they might want to "broaden the charges." There was also evidence that the district attorney who originally indicted Lopez left office and the new district attorney determined that Lopez should be reindicted. The assistant district attorney who drew up the original indictment acknowledged that there were some charges that were "missed" when drawing up the indictment and stated that she could not remember whether she overlooked them or whether all of the reports were not in the file at the time the indictment was drawn up. The district attorney stated that the speeding count was added because after the aggravated assault on a police officer was changed to fleeing and attempting to elude, the speeding count went directly to that behavior. She also stated that the decision to reindict was made before she talked to lawyers about the lawsuit against the police officers.

In light of the above, we find the State has come forward with sufficient reasons to show that the decision to reindict was not done with any vindictive motive. *Larochelle*, supra. Accordingly, the court did not err in denying Lopez's motion to dismiss the indictment.

2. Next, Lopez claims the trial court erred in overruling his *Batson* objection to the State's strike of an Hispanic juror. This claim fails for two reasons. First, the juror was not Hispanic; she was married to an Hispanic. Next, although not required to do so, the prosecutor gave a race-neutral reason for striking the juror.

3. Lopez also contends the trial court erred in allowing Officer Pace to give opinion testimony. After Pace described how Lopez accelerated and hit Sergeant Smith's car, the prosecutor asked: "Did it appear to you that what the defendant had done was accidental?" The officer answered no, because if Lopez had just wanted to get away he could have driven straight ahead and not run into Smith's car.

Even if it was error to allow this opinion, there was no harm. The officer could properly testify that Lopez could have escaped without driving straight at Smith and his car. That he was allowed to state

that it did not appear accidental is not reversible error. Even assuming that it was improper for him to give his opinion on this issue, "the expression of the opinion of a witness amounting to a conclusion is harmless where there is ample evidence to support the inference." *Jones v. State*, 75 Ga. App. 610, 614 (44 SE2d 174) (1947). Both officers testified that Lopez accelerated straight toward Smith and his car, even though there was room for him to drive away without hitting Smith's car. Also, a videotape of the incident was played for the jury. There was testimony that the videotape showed that when Lopez accelerated, he aimed his car straight toward Smith and his car. See *Reddin v. State*, 223 Ga. App. 148, 152-153 (476 SE2d 882) (1996) ("as the opinion testimony was cumulative of other admissible evidence of record, any occurring error in its admission would be harmless").

4. Lopez also argues that the trial court erred in not allowing defense counsel to cross-examine the officers as to the additional charges in the second indictment; specifically, as to whether the additional charges were added because Lopez had filed a civil lawsuit against the officers. The trial court refused to allow defense counsel to cross-examine the officers about this issue, stating that decisions as to how to indict a defendant were made by the district attorney and not the officers.

"The scope of cross-examination is within the sound discretion of the trial court, and in the absence of an abuse thereof, will not be disturbed by this Court." (Punctuation and footnote omitted.) *Leggon v. State*, 249 Ga. App. 467, 471 (3) (549 SE2d 137) (2001).

Lopez claims he was harmed because he was not allowed to impeach or discredit the officers. He claims he should have been allowed to show that he was a plaintiff in a lawsuit against the officers, thus providing a motive for bad faith prosecution.

But, defense counsel was allowed to question the officers about the lawsuit, and the jury knew it was filed. Therefore, Lopez has shown no harm as a result of this ruling. Accordingly, we find no abuse of discretion in the trial court's decision that certain specific questions were not relevant. See *Duckworth v. State*, 223 Ga. App. 250, 251 (477 SE2d 336) (1996) (trial court did not abuse its discretion in precluding specific questions while allowing a general cross-examination of the subject).

5. Lopez claims the trial court erred by not disclosing a disciplinary report in Sergeant Smith's personnel file. The trial court said that she had reviewed the file and found nothing that would help the defense. After trial, defense counsel discovered a disciplinary report for failure to properly supervise another officer. Lopez now claims that it was error for the court not to allow him to introduce this into evidence.

"When the defense seeks to discover the personnel files of an investigating law enforcement officer, some showing of need must be made. *Cargill v. State*, 255 Ga. 616, 638 (23) (a) (340 SE2d 891) (1986). The need which must be shown is also subject to the general rules of evidence, including a showing of relevancy." (Citation and punctuation omitted.) *McDaniel v. State*, 221 Ga. App. 43, 47 (470 SE2d 719) (1996).

"In order to impeach a witness and thereby attack his credibility, one may disprove 'the facts testified to by him.' OCGA § 24-9-82." *McDaniel*, supra at 47. Here, no attempt was made to impeach the officer in this way. Neither was any showing made that any of the documents disallowed contained any contradictory statements previously made by Smith as to matters relevant to his testimony and to the case. OCGA § 24-9-83. *McDaniel*, supra at 47. See also *Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529) (1988); *Campbell v. Cozad*, 207 Ga. App. 175, 176-178 (427 SE2d 515) (1993).

Moreover, there is no contention that Smith had ever been convicted of a crime involving moral turpitude. *Vincent v. State*, 264 Ga. 234 (442 SE2d 748) (1994). The only matter left for consideration was impeachment by "evidence as to his general bad character." OCGA § 24-9-84. But, the information was, at best,

> related solely to specific bad acts and not to the general bad character of the witness. *Heaton v. State*, 214 Ga. App. 460, 461 (2) (448 SE2d 49) (1994). Such specific bad acts are not admissible as impeachment. *Wetta v. State*, 217 Ga. App. 128, 130 (3) (456 SE2d 696) (1995); *Heaton*, supra; *Davis v. State*, 209 Ga. App. 187, 190 (5) (433 SE2d 366) (1993).

(Punctuation omitted.) *McDaniel*, supra at 48. Therefore, the evidence was not admissible, and Lopez was not harmed by the trial court's failure to disclose this report into evidence.

6. Next, Lopez contends the trial court erred in refusing to dismiss the case for failure to comply with the demand for speedy trial.

> In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated . . . (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. 407 U. S. at 530. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a

deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

(Footnote omitted.) *Salahuddin v. State*, 277 Ga. 561, 562 (592 SE2d 410) (2004).

The record shows that Lopez was arrested on November 10, 2001. The case file was completed on March 7, 2002, and the first indictment was on March 8, 2002. Trial was set for May 2002, but the trial court granted Lopez's request for a continuance until the Supreme Court of Georgia issued a ruling on the challenge to the array of the grand jury. That ruling came down on October 28, 2002. Lopez filed a demand for speedy trial on January 9, 2003. The case was called for trial in February 2003, but the district attorney decided to reindict. The case was reindicted on March 28, 2003, and went to trial on April 15, 2003. The total time from arrest to trial was seventeen months, with a delay attributable to the defendant of approximately five to six months.

In looking at the four factors set out in *Barker v. Wingo*, we note that a delay approaching one year has been found to raise a presumption of prejudice. *Doggett v. United States*, 505 U. S. 647, 652 (112 SC 2686, 120 LE2d 520) (1992). Therefore, we will examine the other three factors to determine if Lopez's constitutional right to a speedy trial was denied. *Boseman v. State*, 263 Ga. 730, 732 (438 SE2d 626) (1994).

In looking at the reason for the delay, we note that approximately five to six months was due to Lopez's motion for a continuance. As to the remaining 11 or 12 months, the State gave reasons for the delay and reasons for the decision to reindict, and there is no proof that the State intentionally delayed prosecution to impair the defense. *Johnson v. State*, 268 Ga. 416, 418 (490 SE2d 91) (1997).

Next, we note that Lopez did not file a demand for speedy trial until 14 months after his arrest. Nor has Lopez come forward with any evidence to show that his defense was impaired due to any delay; nor has he shown that he had to endure some burden beyond those that necessarily attend imprisonment. See *Boseman*, supra at 733. Accordingly, we conclude that the 17-month delay in this case did not violate Lopez's constitutional right to a speedy trial.

7. Next, Lopez argues that the trial court erred in not dismissing Counts 2 and 3 of the indictment. The jury found Lopez not guilty on Count 2 and, therefore, we need not address this claim because he can show no harm resulting from the trial court's ruling.

Count 3 charged Lopez with obstruction of an officer, OCGA § 16-10-24, by "knowingly and willfully obstruct[ing], resist[ing] and

oppos[ing] Gary Pace, a law enforcement officer in the lawful discharge of his official duties, by offering and doing violence to the person of said officer. . . ."

> The true test of the sufficiency of an indictment or accusation or citation is not whether it could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

*Ross v. State*, 235 Ga. App. 7, 8 (508 SE2d 424) (1998). Lopez claims that this count of the indictment failed to place him on notice of the factual basis for the offense. But, although Lopez states that he was unable to prepare a defense to Count 3, he does not point out or show in what manner he was prejudiced or confused; but, instead, bases his argument on questions sent out by the jury, arguing that they were confused by the indictment. That is not the issue. "An indictment *substantially* in the language of the Code is sufficient in form and substance." *Reed v. State*, 205 Ga. App. 209, 210 (422 SE2d 15) (1992). Here, the indictment described the offense in terms of the statute, and Lopez has shown no error in the trial court's refusal to dismiss this count. Id.

8. In his last enumeration, Lopez claims the trial court erred in expressing an opinion during trial. He contends the trial court violated OCGA § 17-8-57 by commenting on the evidence. During the cross-examination of Pace, defense counsel read from a previous statement in the arrest affidavit sworn to by Pace as follows: "but instead intentionally accelerated heading his vehicle straight into the path of Sergeant Smith and his vehicle striking the right front end of Sergeant Smith's vehicle." Counsel then questioned Pace, stating: "Now you signed swearing this affidavit was true that he went straight — and this is reading directly from it. (Reading) Straight into the path of Sergeant Smith. Is that correct?" The court stopped defense counsel and pointed out that what he read the second time was not the same as the first reading and stating: "I don't want you to be trying to leave an impression that there's impeaching — some impeaching quality to this. Because I haven't heard it yet." Counsel did not object to this statement by the court.

"In order to preserve for appellate review the question of whether a statement violates OCGA § 17-8-57, an objection or a motion for mistrial must be made at trial." *Pickren v. State*, 272 Ga. 421, 426 (530

SE2d 464) (2000). Here, Lopez took no action in the trial court to preserve the question for appellate review; accordingly, we do not consider it further. *Coggins v. State*, 275 Ga. 479, 481 (569 SE2d 505) (2002).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 23, 2004.

*Stephen F. Lanier*, for appellant.

*Leigh E. Patterson, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellee.