## A06A0707. FRAZIER v. THE STATE.
### (629 SE2d 568)

BLACKBURN, Presiding Judge.

Albert Frazier, Jr., appeals his conviction on one count of child molestation,[1] following a jury trial and the denial of his motion for a new trial. Frazier contends that the trial court erred in: (1) allowing two witnesses to bolster the victim's credibility and in allowing the State to establish the reliability of the victim's out-of-court statements in the presence of the jury; (2) precluding testimony regarding past instances of the victim's dishonesty; and (3) denying his motion for new trial on the ground that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State,*[2] the evidence shows that in February 2003, after recently being removed from the foster care of defendant Frazier and his wife, seven-year-old Q. M. and two younger siblings were living with foster parents, Herman and Renee Davis. One afternoon, while working on a homework assignment which entailed writing something about herself, Q. M. asked Mr. Davis for help with some sentences with which she was having difficulty. The sentences Q. M. had written read "[a]ny day you can come over to my [house]" and "[b]etween [our] legs it is [our] private part." Alarmed by what he had read, Mr. Davis called his wife at work to inform her. While Mr. Davis was on the phone, Q. M. wrote a second note on another piece of paper, which read, "When I lived at my foster mother house Frazier would tou[ch] my privates with his hands after I get out bathtub. I would tell Linda and she would tell Frazier and I got in trouble and Frazier would beat me. I am glad I don't live there anymore and I am glad I am not there. Linda smack me." When Mrs. Davis arrived home from work, she questioned Q. M. regarding the notes and was told by Q. M. that Frazier had touched her private parts after she got out of the bathtub. Q. M. also told Mrs. Davis that she told Frazier's wife what had

---

[1] OCGA § 16-6-4 (a).

[2] *Davis v. State,* 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

happened but was punished as a result. Shortly thereafter, Hall County Department of Family and Children Services was notified of the incident.

Approximately one week after revealing the molestation to Mr. and Mrs. Davis, Q. M. met with the child psychologist whom she had been seeing over the previous six months for other counseling issues. The psychologist testified that she had seen Q. M. earlier that same month and that Q. M. had denied any molestation when asked at that time, but during this more recent visit, Q. M. alleged that she had been sexually molested by her former foster father Frazier. Less than one week later, Q. M. met with a child counselor who conducted and videotaped a forensic interview, which was admitted into evidence. The counselor testified that during this interview, Q. M. repeated the allegation that she had been molested by Frazier and specified that she had been digitally penetrated. Q. M. was also examined by a sexual assault nurse examiner, who testified that Q. M. told her that Frazier had touched her on her privates. The nurse examiner did not find any physical evidence of molestation but testified that the digital penetration alleged by Q. M. would not necessarily result in physical injury.

At trial, Q. M. testified regarding the one incident of molestation. She stated that one night after taking a shower, Frazier came into her room as she was drying off and touched her private parts with his hand. Both Frazier and his wife also testified during the trial and denied Q. M.'s allegations. Despite these denials, the jury convicted Frazier of child molestation. After the trial court denied Frazier's motion for new trial, this appeal followed.

1. (a) Frazier contends that the trial court committed plain error in allowing two expert witnesses to impermissibly bolster Q. M.'s credibility. It is well established that "the credibility of a witness is a matter for the jury, and a witness'[s] credibility may not be bolstered by the opinion of another witness as to whether the witness is telling the truth." *Branesky v. State.*[3] See also *Odom v. State.*[4]

At trial, the State asked the child counselor who conducted Q. M.'s forensic interview: "In terms of your overall talking with [Q. M.], can you comment on whether or not it appeared to you that any of her responses were coached or memorized or in some way contrived?" The counselor responded, "No. Her body language was consistent. She did not appear to have memorized a statement or been coached." Similarly, the State asked Q. M.'s psychologist, "[J]ust from [Q. M.'s] demeanor, the way that she talked, the way she acted, can

[3] *Branesky v. State*, 262 Ga. App. 33, 36 (3) (a) (584 SE2d 669) (2003).

[4] *Odom v. State*, 243 Ga. App. 227, 228 (1) (531 SE2d 207) (2000).

you comment on whether it appeared to you that her comments about that were in any way coached or pat answers or anything like that based upon your observations of her?" The psychologist responded: "No. Other than being more relaxed, she still acted . . . just like herself." Frazier, however, did not object to these questions or to the witnesses' responses, nor did he ask for curative instructions or move for a mistrial. "[F]ailure to object to evidence when it is offered amounts to a waiver of any objection that might have been raised." *Mayo v. State*.[5]

Conceding his failure to object to this testimony that allegedly bolstered Q. M.'s credibility, Frazier nevertheless argues that the trial court committed plain error by allowing its admission. We disagree.

> Plain error is error that is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or one that seriously affects the fairness, integrity, or public reputation of a judicial proceeding. Although our Supreme Court has restricted application of the plain error doctrine to death penalty cases and cases in which the court has allegedly opined on the guilt of the defendant, this court's application of the doctrine has been less restrictive. We have, however, generally restricted application of the doctrine to cases presenting exceptional circumstances.

*In the Interest of M. F.*[6] The alleged error here "was simply the admission of evidence bolstering a witness's credibility. This is not the kind of error that seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Horne v. State*.[7] Moreover, no grave miscarriage of justice would result even if the testimony of the two expert witnesses constituted impermissible credibility bolstering. As we explain in Division 3 (a), infra, it is highly probable that the comments did not contribute to the jury's verdict. See id. Thus, we decline to apply the plain error doctrine in this case.

(b) Within this same enumeration of error, Frazier also contends that the trial court erred by allowing Q. M.'s out-of-court statements into evidence through other witnesses' testimony and through the videotape of the forensic interview without first establishing that there was "sufficient indicia of reliability" surrounding the statements in a hearing outside the presence of the jury. Again, however,

---

[5] *Mayo v. State*, 261 Ga. App. 314, 318 (5) (582 SE2d 482) (2003).

[6] *In the Interest of M. F.*, 276 Ga. App. 402, 404 (2) (623 SE2d 234) (2005).

[7] *Horne v. State*, 262 Ga. App. 604, 606 (1) (586 SE2d 13) (2003).

Frazier did not object to the witnesses' testimony or the introduction of the videotape at time of trial, and therefore has waived any right to appellate review of this contention. *Mayo*, supra, 261 Ga. App. at 318 (5).

Moreover, even if Frazier had objected to the witnesses' testimony and the videotape, the trial court did not err in failing to first hold a hearing outside the presence of the jury to establish whether there were "sufficient indicia of reliability" surrounding Q. M.'s out-of-court statements. Under OCGA § 24-3-16,

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

The trial court need not make an express finding that the circumstances of the statement at issue provide sufficient indicia of reliability before admitting the statement, as "this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding." *Gregg v. State.*[8] See also *Campos v. State.*[9] Here, Q. M.'s out-of-court statements were made under circumstances that provided sufficient indicia of reliability in that they were initially spontaneous and remained consistent. See *Gregg*, supra, 201 Ga. App. at 240 (3) (b). In addition, Q. M. testified at trial and was cross-examined by Frazier's trial counsel. Thus, even if Frazier had objected or requested a separate hearing, the trial court did not err in admitting Q. M.'s out-of-court statements without first holding a hearing outside the presence of the jury to establish the statements' reliability. See *Campos*, supra, 263 Ga. App. at 121-122.

2. Frazier also contends that the trial court erred in not allowing his wife to testify regarding Q. M.'s prior false accusations of sexual misconduct and regarding other specific instances of Q. M.'s dishonesty. We find these contentions to be without merit.

(a) Evidence of prior false accusations of sexual misconduct made by the victim in a child molestation case "is admissible to attack the credibility of the [victim] and as substantive evidence tending to

---

[8] *Gregg v. State*, 201 Ga. App. 238, 239 (3) (a) (411 SE2d 65) (1991).

[9] *Campos v. State*, 263 Ga. App. 119, 121 (587 SE2d 264) (2003).

prove that the instant offense did not occur." *Smith v. State.*[10] "[B]efore evidence of a prior false accusation can be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists." (Punctuation omitted.) *Kelley v. State.*[11] "Defendants have the burden of coming forward with evidence at the hearing to establish a reasonable probability that the victim had made a prior false accusation of sexual misconduct." (Punctuation omitted.) Id. Furthermore, a trial court's ruling upon the admissibility of such evidence will not be overturned absent an abuse of discretion. Id.

In this matter, however, the record indicates that Frazier never requested, either prior to or during trial, that a hearing be held to determine the admissibility of any prior false accusations of sexual misconduct allegedly made by Q. M. In fact, the only reference in the record to Q. M. making any prior false accusations of sexual misconduct is testimony proffered by Frazier's wife during the hearing on his motion for new trial, in which she stated that Q. M. accused her younger brother of touching her privates. "Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court." (Punctuation omitted.) *Spivey v. State.*[12] Indeed, "[e]numerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review." *Anderson v. State.*[13] Accordingly, this particular contention of error presents nothing for our review.

(b) Frazier also argues that the trial court erroneously precluded his wife from testifying regarding specific instances of Q. M.'s dishonesty. At several points during her testimony, Frazier's wife attempted to testify regarding Q. M.'s specific problems at school and with discipline, as well as instances of Q. M.'s lying and stealing. Each time, such testimony was met with an objection from the State that specific instances of dishonesty were not admissible. Precluding Frazier's wife from testifying as to such instances was proper. "Although OCGA § 24-9-84 provides that a witness may be impeached by a showing of general bad character, specific acts of bad character are not admissible." *Heaton v. State.*[14] See also *Lopez v. State.*[15] The proffered testimony of Frazier's wife to which the State objected related to specific bad acts allegedly committed by Q. M. and not to her general bad character. Thus, the trial court did not err in

[10] *Smith v. State,* 259 Ga. 135, 137 (1) (377 SE2d 158) (1989).
[11] *Kelley v. State,* 233 Ga. App. 244, 251 (5) (503 SE2d 881) (1998).
[12] *Spivey v. State,* 272 Ga. App. 224, 228 (2) (612 SE2d 65) (2005).
[13] *Anderson v. State,* 276 Ga. App. 216, 217 (1) (622 SE2d 898) (2005).
[14] *Heaton v. State,* 214 Ga. App. 460, 461 (2) (448 SE2d 49) (1994).
[15] *Lopez v. State,* 267 Ga. App. 178, 182 (5) (598 SE2d 898) (2004).

precluding such testimony. *Heaton*, supra, 214 Ga. App. at 461 (2); *Lopez*, supra, 267 Ga. App. at 182 (5).

3. In his final enumeration of error, Frazier contends that the trial court erred in denying his motion for new trial based on what he alleged to be several instances of ineffective assistance of counsel. Specifically, Frazier argues that his trial counsel was ineffective in (a) failing to object to the testimony of the child counselor which impermissibly bolstered Q. M.'s credibility; (b) failing to request that the counselor first testify outside the presence of the jury in order to establish that Q. M.'s out-of-court statements bore sufficient indicia of reliability; (c) replaying the videotape of the forensic interview; (d) calling the child psychologist as a witness while not calling other potential defense witnesses; (e) failing to introduce testimony regarding Q. M.'s prior false accusations of sexual misconduct; (f) failing to impeach the testimony of Q. M.'s current foster parents, Mr. and Mrs. Davis; and (g) failing to object to evidence of physical abuse.

In light of the fact that Georgia does not recognize the cumulative error doctrine, we will discuss each claim of ineffective assistance separately. See *Fitz v. State*.[16] To establish ineffective assistance of counsel under *Strickland v. Washington*,[17] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for the deficiency. See *Mency v. State*.[18] "[A] court need not determine whether trial counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiency." *Walker v. State*.[19] Furthermore, we will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous. *Rose v. State*.[20]

(a) Frazier argues that his trial counsel should have objected when the child counselor and child psychologist witnesses responded negatively when asked by the State whether Q. M.'s answers to interview questions regarding her molestation allegations seemed coached, memorized, or contrived. As previously stated in Division 1, a witness's credibility may not be bolstered by the opinion of another witness as to whether the witness is telling the truth. *Branesky*, supra, 262 Ga. App. at 36 (3) (a).

[16] *Fitz v. State*, 275 Ga. App. 817, 824-825 (4) (622 SE2d 46) (2005).

[17] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[18] *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

[19] *Walker v. State*, 268 Ga. App. 669, 673 (4) (a) (602 SE2d 351) (2004).

[20] *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

We conclude, however, that even if the testimony of these witnesses constituted improper bolstering, Frazier has failed to prove that the testimony so prejudiced his defense as to affect the outcome of his trial. See *Gosnell v. State.*[21] The testimony at issue consisted of only these two responses that occurred during the course of a two-day trial with multiple witnesses. Moreover, the interview with Q. M., regarding which the counselor was testifying, was videotaped and played during trial, thus allowing the jury to form their own assessment of Q. M.'s credibility. In addition, Q. M.'s account of the sexual abuse remained consistent beginning with when she first informed the Davises of the incident, to when she was interviewed by the child counselor, the psychologist, and the nurse examiner, and to when she testified at trial. Furthermore, Frazier had a full opportunity to test Q. M.'s credibility during cross-examination. Under these circumstances, there is no reasonable likelihood that the results of the trial would have been different absent the witnesses' allegedly impermissible testimony. See id.

(b) Frazier contends that trial counsel was ineffective in failing to request that the child counselor first testify outside the presence of the jury so as to determine whether Q. M.'s out-of-court statements bore sufficient indicia of reliability. This contention is without merit. As discussed in Division 1 (b), a trial court is not required to make an express finding that the circumstances of the out-of-court statement at issue provide sufficient indicia of reliability before admitting the statement in accordance with OCGA § 24-3-16. See *Gregg*, supra, 201 Ga. App. at 239 (3) (a); *Campos*, supra, 263 Ga. App. at 121. Here, Q. M.'s out-of-court statements were made under circumstances that provided sufficient indicia of reliability in that they were initially spontaneous and remained consistent and were therefore properly admitted despite the trial court doing so without first holding a separate hearing outside the presence of the jury. As trial counsel cannot be deemed ineffective for failing to pursue a futile or meritless argument, Frazier cannot establish that his trial counsel was deficient by failing to request such a hearing. See *Davis v. State;*[22] *Campos*, supra, 263 Ga. App. at 121-122.

(c) Frazier contends that trial counsel was ineffective in replaying the videotape of the child counselor's forensic interview of Q. M. in that it provided the State with another opportunity to demonstrate her credibility. We disagree. We have repeatedly held that

[21] *Gosnell v. State*, 247 Ga. App. 508, 510-511 (2) (c) (544 SE2d 477) (2001).
[22] *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004).

> [t]he decisions on which witnesses to call, whether and how to conduct cross-examination, which jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of counsel after consultation with the client. Trial counsel's strategic decisions made after thorough investigation are virtually unchallengeable. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.

(Punctuation and footnotes omitted.) *Mack v. State*.[23] Here, it is clear from the record that trial counsel replayed the videotape during his cross-examination of the child counselor in order to emphasize what he believed to be inconsistencies in Q. M.'s allegations. Trial counsel's decision was therefore within the realm of trial tactics and strategy and provides no basis for a claim of ineffective assistance of counsel. Id.

(d) Frazier contends that trial counsel was ineffective in calling the child psychologist as a defense witness, whose testimony he argues was actually harmful, and in failing to call Q. M.'s teacher and the court-appointed advocate as witnesses. As previously stated, decisions as to which witnesses to call constitute trial strategy. See *Craft v. State*;[24] *Mack*, supra, 242 Ga. App. at 258 (2) (c). At the hearing on Frazier's motion for new trial, trial counsel testified that he called the child psychologist as a witness in order to elicit evidence that Q. M. had previously denied that she had been sexually abused by Frazier. In addition, trial counsel testified that he did not believe that testimony from Q. M.'s teacher or the court-appointed advocate would have been very probative and instead focused on other aspects of the defense. Accordingly, Frazier cannot overcome the strong presumption that trial counsel's decisions regarding these witnesses were strategic and did not constitute deficient performance. *Craft*, supra, 254 Ga. App. at 521 (13).

(e) Frazier also contends that trial counsel was ineffective in failing to introduce evidence of Q. M.'s prior false accusations of sexual misconduct. During the hearing on Frazier's motion for new trial, Frazier's wife testified regarding an incident in which Q. M. allegedly was yelling from her bedroom that her younger brother was touching her private parts. Unbeknownst to Q. M., Mrs. Frazier could see Q. M.'s younger brother standing outside the bedroom at the exact

---

[23] *Mack v. State*, 242 Ga. App. 256, 258 (2) (c) (529 SE2d 393) (2000).
[24] *Craft v. State*, 254 Ga. App. 511, 521 (13) (563 SE2d 472) (2002).

moment Q. M. was accusing him and therefore knew that Q. M. was lying about the incident. While Mrs. Frazier stated that she informed trial counsel of this incident, trial counsel denied any knowledge of it. In its order denying Frazier's motion for new trial, the trial court found that trial counsel's performance was not deficient for not investigating this prior false accusation because he was not informed of it. Since determining the credibility of witnesses is a matter left to the trial court's discretion, we find that evidence supported the trial court's findings on this issue. See *Joiner v. State.*[25]

(f) Frazier further contends that trial counsel was ineffective in failing to impeach the testimony of Q. M.'s current foster parents, Mr. and Mrs. Davis. Specifically, Frazier argues that trial counsel should have further explored the inconsistency between Mr. and Mrs. Davis's testimony, Q. M.'s testimony, and the State investigator's report as to when Q. M. drafted the second note accusing Frazier of sexual abuse. Frazier also argues that trial counsel should have called the investigator to testify regarding a discrepancy in his report as to the address where the molestation occurred since Frazier and Q. M. never lived at that address together. We find this contention to be without merit.

Decisions regarding which witnesses to call and how to conduct cross-examination constitute trial strategy. See *Craft*, supra, 254 Ga. App. at 521 (13); *Mack*, supra, 242 Ga. App. at 258 (2) (c). Trial counsel testified that the inconsistencies as to when the second note was drafted were brought out during the cross-examination of Q. M. Trial counsel further testified that he did not explore the address discrepancy in the investigator's report because based on all of Q. M.'s testimony, it was clear she was not referring to the address where Frazier never lived as where the molestation occurred. Accordingly, the trial court did not err in denying Frazier's motion for new trial.

(g) Finally, Frazier contends that trial counsel was ineffective by failing to object to testimony that Q. M. was disciplined by Frazier to an extent that amounted to physical abuse. Again, we disagree. At the hearing on Frazier's motion for new trial, trial counsel explained that he did not object to testimony that Q. M. was beat with sticks and a tennis racket with nails in it because the testimony was so outlandish and so contradicted by the physical evidence that the jury would discredit it and question Q. M.'s credibility.

"Decisions as to whether to interpose certain objections fall within the realm of trial tactics and strategy and usually provide no basis for reversal of a conviction." *Smith v. State.*[26] Given trial

---

[25] *Joiner v. State*, 245 Ga. App. 415, 416 (3) (537 SE2d 792) (2000).

[26] *Smith v. State*, 261 Ga. App. 871, 877 (5) (a) (583 SE2d 914) (2003).

counsel's reasonable explanation for why he chose not to object, we conclude that Frazier cannot establish that his trial counsel's performance was deficient here. Accordingly, the trial court did not err in denying Frazier's motion for new trial on the ground of ineffective assistance of counsel.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 7, 2006.

*Howard J. Weintraub*, for appellant.
*Lee Darragh, District Attorney*, for appellee.