## 60063. SHORTER v. THE STATE.

SMITH, Judge.

Mary Louise Shorter appeals her conviction for prostitution. We affirm.

1. The accusation herein was filed with the clerk of court on November 26, 1979. Appellant's arraignment, however, had been set for November 19, 1979. Notwithstanding her waiver of arraignment, appellant asserts in her first enumeration of error that since there was no case pending against her at the time set for her arraignment, "that the actions of the State are a nullity." This contention is

without merit. "The purpose of arraignment [was] to put [appellant] on notice as to the charge against which [she] must defend . . ." *Clark v. State,* 138 Ga. App. 266, 271 (7) (226 SE2d 89) (1976). Appellant elected to forego this "notice" procedure. As a result, the asserted irregularity never occurred. See *Davis v. State,* 135 Ga. App. 203 (2) (217 SE2d 343) (1975).

Moreover, the record shows that appellant filed several demurrers and a motion to quash after the accusation had been perfected. "Generally, a person indicted for or charged with an offense against the laws of this state is entitled as a matter of right to be arraigned before pleading to the indictment. But, whenever an issue of law is presented by the defendant without demanding a formal arraignment this amounts to a waiver of arraignment as to issues of law or fact. This is a plea to the merits." *Hiatt v. State,* 144 Ga. App. 298, 299 (240 SE2d 894) (1977). Hence, even if appellant's initial waiver was of no effect, she waived formal arraignment when she demurred and moved to quash the accusation. *Baskin v. State,* 137 Ga. App. 840 (1) (225 SE2d 77) (1976).

2. "An affidavit which charges the accused simply with the offense of committing a misdemeanor [to wit: prostitution], at a certain time and in a certain county, is sufficient to support an accusation in the state court of such county, charging the accused with [a] clearly defined and particularized criminal [offense]." *Rowles v. State,* 143 Ga. App. 553, 554 (1a) (239 SE2d 164) (1977). See *Bickley v. State,* 150 Ga. App. 669 (258 SE2d 306) (1979), *Faulkner v. State,* 146 Ga. App. 604 (2) (247 SE2d 147) (1978). Appellant's second enumeration of error is without merit.

3. The accusation by which appellant was brought to trial set forth that she did "offer and consent to perform an act of sexual intercourse for money with Robert Magruder." However, all the evidence presented by the State showed that appellant solicited one Richard McGruder. At the close of the State's case, appellant moved for a directed verdict on the basis that the State had not proven its case as set forth in the accusation.

" 'Where the variance is of such a character or so great that an essential allegation of the offense has not been proved, there . . . may be a failure of evidence to sustain the verdict or finding. In such a case the error . . . may be raised . . . on a motion for a directed verdict or finding. It should be noted that the error raised in such a way is predicated primarily upon a total failure of proof of an essential element of the crime charged and not upon a mere variance in the proof.' Madison v. State, 234 Ind. 517, 549 [(130 NE2d 35)]." *Caldwell v. State,* 139 Ga. App. 279, 291 n.12 (228 SE2d 219) (1976). The name of the particular individual solicited for prostitution is not

required in order to set forth one of the essential elements of the crime. *Gower v. State,* 71 Ga. App. 127 (2) (30 SE2d 298) (1944); *Day v. State,* 70 Ga. App. 819 (29 SE2d 659) (1944); see Code § 26-2012. Therefore, any variation in the proof of whom was solicited was immaterial. See *Walker v. State,* 113 Ga. App. 526 (1) (149 SE2d 153) (1966).

Moreover, the only witness listed to testify for the State in addition to the arresting officer was one Richard McGruder. Further, appellant did not "object to the introduction of evidence varying from the indictment at the time it was tendered . . . or move for a continuance at that time . . . Instead [she] waited until the state had rested and only then sought an outright acquittal for a [stenographic] error in the [accusation]." *Caldwell,* supra at 290. Under circumstances such as these, appellant's third enumeration of error is meritless. *Tyson v. State,* 145 Ga. App. 21 (243 SE2d 314) (1978).

4. Appellant's final enumeration cites as error the trial court's charge relating to certain rebuttable presumptions regarding intent. Since the pertinent portions of the court's charge in the instant case are virtually identical to those set forth at length in *Dixon v. State,* 154 Ga. App. 828 (1980), they need not be duplicated here. "Viewing the charge as a whole, we conclude that reasonable jurors would not have interpreted the presumptions as being conclusive or as shifting the burden of persuasion to appellant. *Franklin v. State,* 245 Ga. 141 (8) (263 SE2d 440) (1980)." *Dixon,* supra at 830.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED SEPTEMBER 8, 1980 —

*James A. Elkins, Jr.,* for appellant.
*Robert G. Johnston, Solicitor,* for appellee.