## S97A0144. CASILLAS v. THE STATE.
(480 SE2d 571)

CARLEY, Justice.

Based upon conduct which resulted in a single homicide, the grand jury indicted Joe Casillas for several offenses, including malice and felony murder and involuntary manslaughter. When the jury could not reach a verdict, the trial court declared a mistrial. Thereafter, the State reindicted Casillas and entered a nolle prosequi as to the original indictment. Casillas filed a plea in bar, challenging the State's authority to bring him to trial on the new indictment. The trial court denied the plea and Casillas brings this direct appeal. See *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982).

1. The original indictment contained only one involuntary manslaughter count, charging that Casillas perpetrated the crime while in the commission of the misdemeanors of pointing a pistol and reckless conduct. The new indictment, however, contains two involuntary manslaughter counts, one charging that Casillas perpetrated that crime while in the commission of the misdemeanor of pointing a pistol and the other charging that he perpetrated that crime while in the commission of the misdemeanor of reckless conduct. Relying upon *Curry v. State,* 248 Ga. 183, 184 (2) (281 SE2d 604) (1981), Casillas urges that the State is barred from bringing him to trial on the new indictment, because, in violation of the mandate of OCGA § 16-1-7, it contains two additional charges of involuntary manslaughter which arose from the same conduct, but which were not included in the original indictment.

In *Curry,* the new indictment charged the defendant with two separate and distinct crimes which the State did not include in the original indictment. Here, however, the original and new indictments each charge Casillas with perpetrating the same involuntary manslaughter against the same victim while in the commission of the same underlying misdemeanors. The new indictment differs from the original indictment only in that the involuntary manslaughter now is charged in two counts, rather than in one. Casillas nevertheless urges that two new crimes have been added, as a matter of law, because each of the involuntary manslaughter counts in the new indictment requires the State to prove fewer elements than it was required to prove under the single involuntary manslaughter count in the original indictment. It is true that the original indictment contained a single count which alleged the underlying misdemeanors

conjunctively, whereas the new indictment contains two counts which allege each underlying misdemeanor separately. However, in order to obtain an involuntary manslaughter conviction, the State is not required to prove less under the new indictment. Under the original indictment, just as under the new indictment, the State would be required to prove only that Casillas perpetrated an involuntary manslaughter while in the commission of one of the alleged underlying misdemeanors. *Mitchell v. State*, 154 Ga. App. 399 (2) (268 SE2d 360) (1980). See also *Brazil v. State*, 117 Ga. 32 (2) (43 SE 460) (1903); *Lubiano v. State*, 192 Ga. App. 272, 273 (1) (a) (384 SE2d 410) (1989).

The State was authorized to indict Casillas for involuntary manslaughter by means of a single count or by means of two separate counts. See *Lumpkins v. State*, 264 Ga. 255, 256 (3) (443 SE2d 619) (1994). There is no bar to trying Casillas on the new indictment charging involuntary manslaughter in two separate counts, simply because the original indictment charged him with that same crime in a single count. Compare *Curry v. State*, supra.

2. Casillas urges that the State is barred from trying him on the new indictment because the nolle prosequi of the original indictment was not entered in accordance with the provisions of OCGA § 17-8-3. The State concedes that the nolle prosequi was not entered in open court as required by OCGA § 17-8-3. However, the pendency of more than one indictment for the same offense is not a ground for a plea in bar. *Hobbs v. State*, 229 Ga. 556, 557 (2) (192 SE2d 903) (1972). Accordingly, the failure to enter the nolle prosequi of the original indictment in open court may affect the validity of that attempted nolle prosequi itself, but it does not affect the validity of the new indictment.

The entry of a nolle prosequi is a bar to a subsequent indictment if it is entered without the defendant's consent after he is placed in jeopardy. *Doyal v. State*, 70 Ga. 134 (3) (1883). However, a properly granted mistrial removes the case from the jury and a nolle prosequi entered thereafter, even without the consent of the defendant, does not have the effect of an acquittal. *Jones v. State*, 55 Ga. 625 (3) (1876); *Rhyne v. State*, 209 Ga. App. 548, 550 (1) (434 SE2d 76) (1993). Since the nolle prosequi of the original indictment of Casillas was entered only after the mistrial was declared, he was not acquitted of any crimes charged in that original indictment and there is no bar to his retrial for the crimes charged in the new indictment.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1997 —
RECONSIDERATION DENIED FEBRUARY 27, 1997.

*Gregory N. Crawford,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.