A97A0378. HUBBARD v. THE STATE.
(483 SE2d 115)

ELDRIDGE, Judge.

On January 14, 1991, the appellant was indicted under indictment number 91-6268 on three charges: burglary, theft by taking, and a recidivist count. Appellant pled not guilty to indictment number 91-6268 on February 13, 1991. On March 11, 1991, the appellant was re-indicted under indictment number 91-6335. The second indictment consisted of the original charges plus two additional charges of driving with a revoked license and driving under the influence ("DUI"). On March 13, 1991, the appellant pled not guilty to the second indictment, but later on the same day, withdrew his not guilty plea and entered a guilty plea to Count 1, burglary; Count 3, revoked license; and Count 4, DUI. The court entered a nolle prosequi on Count 2, theft by taking, and Count 5, the recidivist count. Subsequent to the entry of the guilty plea on the second indictment, indictment number 91-6335, the court on March 13, 1991, also entered a nolle prosequi on the first indictment, indictment number 91-6268,

and within such order stated that appellant had pled guilty and been sentenced to the same events in indictment number 91-6335.

On May 23, 1996, the appellant filed a petition to correct void sentence under indictment number 91-6335. This petition was denied by the trial court on July 25, 1996, and this appeal follows.

Appellant's sole enumeration of error is that the trial court erred in denying his petition to correct void sentence. Appellant contends that the nolle prosequi which was entered on indictment number 91-6268 was improperly entered because it was not entered in open court, in his presence, and with his consent. Appellant further contends that the entry of the nolle prosequi on indictment number 91-6268, after his plea of guilty in indictment number 91-6335, violated his protection against procedural double jeopardy, thereby making his sentence under indictment number 91-6335 void.

"A void judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights[,] [b]ut whenever it is brought up the party may assail its pretentions [sic] and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral. By statute, in Georgia, the judgment of a court having no jurisdiction of the person or subject matter, or void for any cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it. OCGA § 17-9-4. If the judgment is a nullity and void, the right to attack it is not lost by laches[,] nor is it waived by the failure to attack it before, since it is void, and not voidable, in that the abatement absolutely extinguishes the prosecution, and by definition amounts to the entire overthrow or destruction of the actions." (Citations and punctuation omitted.) *Barrett v. State*, 183 Ga. App. 729, 730 (360 SE2d 400) (1987), overruled on other grounds, *Gonzalez v. Abbott*, 262 Ga. 671 (425 SE2d 272) (1993). Therefore, appellant's attack of his conviction under indictment number 91-6335 is properly before this Court.

"The United States and Georgia Constitutions proscribe a defendant's being twice placed in jeopardy for the same offense. United States Constitution, Fifth Amendment; Georgia Constitution, Art. I, Sec. I, Par. XVIII. OCGA §§ 16-1-6, 16-1-7, and 16-1-8 extend the proscription of double jeopardy beyond those constitutional limits by placing limitations upon multiple prosecutions, convictions and punishments for the same criminal conduct. [Cit.]" *State v. Martin*, 173 Ga. App. 370, 371 (326 SE2d 558) (1985). " 'A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn. *Jones v. State*, 232 Ga. 324 (206 SE2d 481) [(1974)].' *Shaw v. State*, 239 Ga. 690, 692 (1) (238 SE2d 434)

[(1977)]." *Turner v. State*, 152 Ga. App. 354, 355 (262 SE2d 618) (1979). The pendency of a prior indictment for the same offense based on the same facts for which the defendant may have been arraigned on and entered a plea of not guilty does not place a defendant in jeopardy, and he does not face a repeated prosecution simply because he is tried on a subsequent indictment. " 'Where several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried. Whenever he has been acquitted or convicted upon any one of them, [only then] he can plead such acquittal or conviction in bar of a prosecution of any of the others.' *Irwin v. State*, 117 Ga. 706 (45 SE 48) [(1903)]." *Gray v. State*, 6 Ga. App. 428 (1) (65 SE 191) (1909); see also *Shaw v. State*, 239 Ga. 690 (238 SE2d 434) (1977); *Cochran v. State*, 176 Ga. App. 58 (335 SE2d 165) (1985).

Therefore, when appellant entered his plea of guilty and was sentenced in indictment number 91-6335, jeopardy had not previously attached to the appellant on these offenses. Jeopardy had not attached to the appellant under indictment number 91-6268 since the appellant had only been arraigned and pled not guilty, and a jury was not impaneled and sworn to serve on the trial of such indictment. It is the nature and sequence of critical events that controls when jeopardy attaches, not the dates of the indictments.

"After an examination of the case in open court and before it has been submitted to a jury, the prosecuting attorney may enter a nolle prosequi with the consent of the court. After the case has been submitted to a jury, a nolle prosequi shall not be entered except by the consent of the defendant. . . ." OCGA § 17-8-3; see *McIntyre v. State*, 189 Ga. App. 764 (377 SE2d 532) (1989); *Newman v. State*, 166 Ga. App. 609 (305 SE2d 123) (1983); *Fortson v. State*, 13 Ga. App. 681 (79 SE 746) (1913).

It cannot be determined from the record before this Court what occurred at the time the nolle prosequi was entered on indictment number 91-6268; the appellant has only provided this Court with a record and transcript of the proceedings in indictment number 91-6335 which does not contain any reference to the entry of the nolle prosequi in indictment number 91-6268. A copy of indictment number 91-6268, which appellant had attached as an exhibit to his petition to correct void sentence, shows the entry of the nolle prosequi on its face. In the absence of a transcript it is assumed that the proper procedure was followed. *Vaughan v. Buice*, 253 Ga. 540 (322 SE2d 282) (1984). Appellant has failed to preserve such issue on appeal; therefore, the trial court must be affirmed.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 10, 1997 —
RECONSIDERATION DENIED MARCH 5, 1997.

Harold J. Hubbard, *pro se.*

*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellee.