A99A1257. PRINDLE v. THE STATE.
(523 SE2d 44)

JOHNSON, Chief Judge.

The trial court, sitting without a jury, found William Prindle guilty of driving under the influence of alcohol ("DUI") and speeding. Prindle appeals, arguing that the prosecutions were time-barred, the officer who administered the breath test did not have a valid permit to conduct the test, and the trial court admitted evidence which should have been excluded due to the state's failure to comply with discovery rules. Because each contention is without merit, we affirm.

1. Prindle contends that his convictions must be reversed because the accusations were filed more than two years after he allegedly committed the offenses. This enumeration is without merit.

Prosecution for a misdemeanor must be commenced within two years after the offense was committed. OCGA § 17-3-1 (d). The two-year period runs from the date the offense was committed until the date the original accusation is filed. *Freeman v. State*, 194 Ga. App. 905, 907-908 (8) (392 SE2d 330) (1990); OCGA § 16-1-3 (14). A prosecution continues until there has been a final disposition of the case. OCGA § 16-1-3 (14). A uniform traffic citation serves as an accusation in any court having jurisdiction over the offense, except superior court. See OCGA §§ 40-13-1; 40-13-3; *State v. Rustin*, 208 Ga. App. 431, 433 (2) (430 SE2d 765) (1993). Prior to trial, the state can amend the accusation to change the allegations regarding any offense arising out of the same conduct which gave rise to an offense alleged or attempted to be alleged in the original accusation. OCGA § 17-7-71 (f); see *Thomas v. State*, 233 Ga. App. 224, 225 (1) (504 SE2d 59) (1998).

On February 16, 1995, police issued Prindle uniform traffic citations charging him with DUI (with an unlawful blood-alcohol concentration) and speeding. The citation for DUI showed the date of the offense, the Code section allegedly violated (former OCGA § 40-6-391 (a) (4)), and Prindle's breath test result of 0.132. The citation for speeding showed the date of the offense, that Prindle was allegedly driving 70 mph in a 55-mph zone, and the Code section he allegedly violated (OCGA § 40-6-181). The citations were filed in Atlanta City Court on February 20, 1995. On March 17, 1995, Prindle waived formal arraignment and demanded a jury trial.

On February 18, 1997, the state filed accusations in city court charging Prindle with DUI with an alcohol concentration of 0.10

grams or more (citing former OCGA § 40-6-391 (a) (4)), and speeding by driving 70 mph in a 55-mph zone (citing OCGA § 40-6-181).[1] The accusations gave the same date of the offenses as was shown on the citations.

The amended accusations filed in 1997 did not constitute the commencement of a new prosecution. There had been no final disposition of the previously filed accusations. The amended accusations were a continuation of the prosecution commenced earlier. See *Rustin*, supra. We find that, contrary to Prindle's argument, the state has shown that the amended accusations were based on the same conduct as the original citations. The trial court did not err in refusing to dismiss the charges on the ground that the statute of limitation expired. See generally *Freeman*, supra at 908 (8).

2. Prindle's argument that the breath test results should not have been admitted because the officer conducting the test was not properly certified is without merit.

OCGA § 40-6-392 (a) (1) (A) provides, in relevant part, that the chemical analysis of a person's breath is valid if performed by a person possessing a valid permit issued by the Division of Forensic Sciences ("DFS") of the Georgia Bureau of Investigation ("GBI").

The police officer who tested Prindle's breath testified that he was trained to use the type of breath machine used in this case, that he took a refresher course in its use, and that he held a valid permit at the time the test was conducted. The state introduced into evidence a copy of the certificate the DFS issued to the officer authorizing him to conduct tests with the type of breath machine used in this case. The certificate was valid from November 18, 1994 through November 18, 1996; the officer tested Prindle's breath in February 1995.

Prindle argues that the permit was not valid because the officer did not take an eight-hour refresher course in chemical breath analysis, as required by GBI Rule 92-3-.04 (6). That rule provides that applications for permit renewal shall not be approved unless the applicant completes at least one eight-hour refresher course in chemical breath analysis. Prindle asserts that the refresher course attended by the officer in this case lasted less than eight hours, so his permit application should not have been approved.

The record does not demonstrate that the DFS improperly issued the permit. First, the officer testified that he took a refresher course and, although he believed the course lasted only about four or five hours, he was not sure how long it lasted. Second, it is not clear from

---

[1] Prindle was also charged in the amended accusation with DUI to the extent it was less safe to drive (OCGA § 40-6-391 (a) (1)). The "less safe to drive" count was not charged in the original accusation, but because it was not prosecuted, it is not at issue here.

the record whether the certificate issued to the officer on November 18, 1994 (and facially valid at the time of the test) was a renewal certificate. The record does not show when the officer took the refresher course and whether that course was the basis for an initial permit or a renewal. Given the undisputed evidence that the officer conducting the test was trained to use the breath machine used here, took a refresher course on its use, and had a certificate that was valid on its face on the date of the test, we find that the state satisfied its burden of proving the officer had a valid permit. See generally *Daniel v. State*, 231 Ga. App. 125, 128 (2) (b) (497 SE2d 656) (1998); *Waggoner v. State*, 228 Ga. App. 148, 150-151 (3) (a) (491 SE2d 88) (1997). The trial court did not err in admitting the evidence.

3. Prindle argues that reversal is required because the trial court allowed the state to introduce into evidence scientific reports which it did not provide to Prindle before trial, despite his request to produce scientific reports.

Prindle complains that the court allowed a police officer to refresh his memory in court by reviewing his report regarding the horizontal gaze nystagmus ("HGN") test (a field sobriety test) and testifying as to the report's contents. HGN test results are discoverable as scientific reports. *Rayburn v. State*, 234 Ga. App. 482, 484 (2) (506 SE2d 876) (1998). Because Prindle requested but was not provided a copy of the report, the officer's testimony regarding the report should have been excluded. Id. at 485; OCGA § 17-16-23 (c). The burden is on Prindle, however, to show not merely error, but harm. See *Rayburn*, supra.

Prindle was charged with driving a car while his blood-alcohol concentration was 0.10 grams or more. The breath test indicated he had a blood-alcohol level of 0.132. While the HGN test results would have been relevant to the less safe driver charge, that charge was not prosecuted. The HGN test results were not needed to show that Prindle drove with an unlawful blood-alcohol concentration. He has not shown how the evidence harmed him. See *Chastain v. State*, 231 Ga. App. 225, 226 (2) (498 SE2d 792) (1998).

Prindle also complains that the court improperly allowed the state to introduce a certificate of inspection of the breath test machine, when the state failed to provide him with a copy of the certificate in response to his request for scientific reports. Certificates of inspection are not discoverable as scientific reports under OCGA § 17-16-23. *Renschen v. State*, 225 Ga. App. 678, 679 (3) (484 SE2d 753) (1997). This enumeration presents no basis for reversal.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 28, 1999 —
RECONSIDERATION DENIED OCTOBER 21, 1999 —

William C. Head, for appellant.

Joseph J. Drolet, Solicitor, Shondeana G. Crews, Assistant Solicitor, for appellee.