S02A0568. MARSHALL v. THE STATE.
(563 SE2d 868)

HUNSTEIN, Justice.

Appellant Timothy Marshall was convicted of felony murder, aggravated assault, and possession of a firearm during the commis-

sion of a felony in connection with the death of Mico Curtis. He appeals from the denial of his motion for new trial, and we reverse.[1]

1. The evidence authorized the jury to find that on the night of the shooting Curtis went to appellant's home and joined appellant and others who were drinking beer and socializing on the porch. Curtis took a beer from the cooler and an argument ensued. Appellant pulled out a gun and shot Curtis, ran into the house, came back out, and shot Curtis several more times as Curtis lay on the ground. Curtis died as a result of multiple gunshot wounds. Viewed in the light most favorable to the verdict, the evidence was sufficient for the jury to conclude that appellant was guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. On the second day of deliberations, jurors gave a note to the court stating that they could not reach a verdict on the charge of malice murder or the lesser included offense of voluntary manslaughter. With the approval of defense counsel, the court then received and published the jury's verdicts of guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a felony. After a request by the State to dead-docket the malice murder count was denied, the trial court instructed the jury to continue its deliberations on malice murder and voluntary manslaughter and immediately thereafter released the jury for the weekend. When the court reconvened the following Monday, the State moved the court to enter a nolle prosequi on the malice murder count. The court agreed despite objection from the defense and dismissed the jury. Appellant contends it was error to allow the entry of a nolle prosequi of the malice murder count over his objection after the case was submitted to the jury. We agree.

It is well established that a court may not enter a nolle prosequi after the case has been submitted to a jury except by consent of the defendant, and entering a nolle pros without the defendant's approval after he has been placed in jeopardy constitutes error. OCGA

---

[1] The crimes occurred on October 11, 1999. On November 14, 2000, a Fulton County grand jury indicted Marshall for malice murder, felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He was tried November 27-December 4, 2000, and found guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a crime. The malice murder count was nolle prossed and the possession of a firearm by a convicted felon count was dead-docketed by the State. The trial court merged the aggravated assault conviction with the felony murder conviction and sentenced Marshall to life in prison with a consecutive five-year sentence for possession of a firearm during the commission of a felony. A motion for new trial was filed on December 20, 2000, amended on September 4, 2001, and October 15, 2001, and denied on November 2, 2001. Marshall filed a notice of appeal on November 30, 2001. The appeal was docketed in this Court on December 28, 2001, and orally argued on April 15, 2002.

§ 17-8-3; *Casillas v. State*, 267 Ga. 541 (2) (480 SE2d 571) (1997); *Doyal v. State*, 70 Ga. 134 (3) (1883). Because the trial court erroneously entered the nolle prosequi, thereby eliminating the jury's full consideration of voluntary manslaughter and a possible finding of provocation and passion with respect to the act which caused the killing, we reverse and remand to the trial court for a new trial.[2] See *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992).

3. We need not address appellant's remaining enumerations of error as they are not properly before this Court or are not likely to recur upon retrial.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED MAY 28, 2002.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.

---

[2] While the case law is clear that an erroneously entered nolle prosequi is the equivalent of an acquittal, we do not address here which charges the State may be authorized to assert against appellant upon retrial.