## A02A1228. PUPLAMPU v. THE STATE.
### (570 SE2d 83)

MILLER, Judge.

Emanuel Puplampu appeals from the trial court's denial of his motion and plea in bar of double jeopardy. On appeal he contends, and the State concedes, that the trial court erred by improperly terminating his first trial after the first witness had already been sworn and then resetting the trial to begin again before a different judge. We agree and reverse.

The record reveals that on December 20, 2001, Puplampu appeared at a bench trial for an alleged speeding violation. After the first witness was sworn for the trial but before any questions were asked, the solicitor-general informed the court that he did not have the documents necessary to lay the foundation for the admission of his laser speeding device evidence. Over objection from defense counsel, the trial judge then decided to reset the case for the next week to give the solicitor-general time to obtain the necessary documents.

One day before the second trial, Puplampu filed a motion for plea of double jeopardy, and on the date of the second trial the case was set to commence before a different judge from the one who reset the case from the prior week. The case was called, and Puplampu entered a plea of double jeopardy. Following a hearing on the issue, the court denied Puplampu's plea, reasoning that the court was not convinced that jeopardy had yet attached in the case. Puplampu now appeals.

"No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. "The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial

court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Citation and punctuation omitted.) *Wilson v. State*, 229 Ga. App. 455 (494 SE2d 267) (1997).

OCGA § 16-1-8 (a) (2) provides that "[a] prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution . . . [w]as terminated improperly . . . in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts. . . ."

Termination of a trial is not improper where:

> (1) The accused consents to the termination or waives by motion to dismiss or other affirmative action his right to object to the termination; or (2) The trial court finds that the termination is necessary because: (A) It is physically impossible to proceed with the trial; (B) Prejudicial conduct in or out of the courtroom makes it impossible to proceed with the trial without injustice to the defendant; (C) The jury is unable to agree upon a verdict; or (D) False statements of a juror on voir dire prevent a fair trial.

OCGA § 16-1-8 (e).

The record reveals that Puplampu's first trial was terminated after the first witness was sworn and before findings were rendered by the trier of facts to allow the solicitor-general time to better prepare for trial. This is clearly not a proper basis for terminating a criminal bench trial at this stage of the proceedings. See OCGA § 16-1-8 (e). Furthermore, unlike a case of a continuance, where the trial would simply be recessed for a brief time and then continued before the same trier of facts (see *Knight v. State*, 197 Ga. App. 250, 252 (5) (398 SE2d 202) (1990)), this bench trial case was completely terminated and then started anew before an entirely different judge. We hold that the case was improperly terminated, and we therefore reverse the judgment of the trial court denying Puplampu's plea of double jeopardy. See *Dean v. State*, 214 Ga. App. 768, 770 (449 SE2d 158) (1994).

*Judgment reversed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 8, 2002.

*Bernard S. Brody*, for appellant.

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.