A04A0313. SMITH v. THE STATE.
(601 SE2d 708)

RUFFIN, Presiding Judge.

Tommy Lee Smith appeals the trial court's denial of his plea of former jeopardy and motion to dismiss. For reasons that follow, we affirm.

"The appellate standard of review of [the] grant or denial of a double jeopardy plea . . . is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion."[1] Viewed in this manner, the record shows that Smith was originally indicted for obstruction, theft by shoplifting, and four counts of theft by receiving. The State later filed an amended accusation setting forth the same counts. The parties do not dispute that Smith was arraigned on the original accusation, but was not arraigned on the amended accusation. The parties also do not dispute that on March 13, 2003, the case went to trial on the amended accusation, and a jury was impaneled and sworn. After several witnesses testified, the parties realized that Smith had never been

---

[1] (Punctuation omitted.) *Simile v. State*, 259 Ga. App. 106, 107 (576 SE2d 83) (2003).

arraigned on the amended accusation, and Smith moved for a mistrial. Over Smith's objection, the trial court granted the State's motion to enter a nolle prosequi as to the original and amended accusations, and dismissed the jury. A grand jury subsequently returned an indictment against Smith on the same charges.

Smith filed a plea of former jeopardy and motion to dismiss, arguing that he had been placed in jeopardy as to the charges faced during the March 13 trial and that further prosecution was thus barred. The trial court, citing *Bryans v. State of Ga.*[2] and *Hardwick v. State,*[3] found as a matter of law that even though a jury had been impaneled and sworn, double jeopardy did not attach because Smith had not been arraigned as to the amended accusation. Accordingly, the court denied Smith's motion.

Smith appeals, arguing that the trial court, in violation of OCGA § 17-8-3, erred in allowing the State to nolle prosequi the case without the consent of Smith after the case had been submitted to the jury.[4] Smith also argues that this case is distinguishable from those cited by the trial court because here Smith had in fact been arraigned on the original accusation, and the proper remedy was thus to nolle prosequi the amended accusation and proceed with a new trial on the original accusation. The State, on the other hand, argues that, under *Bryans*, jeopardy did not attach, and, accordingly, the trial court did not err in entering a nolle prosequi without the consent of the accused. We agree with the State for several reasons.

First, Smith does not argue on appeal that the amended accusation merely constituted a nonsubstantive change to the original accusation, and that the issue was thus joined upon arraignment on the original. Indeed, by refusing to waive arraignment as to the amended accusation and then moving for a mistrial, Smith took the position at trial that the amended accusation was in fact a superseding charging instrument. Accordingly, we do not address the issue of whether the cases relied upon by the trial court could be distinguished because they involve a reindictment rather than a nonsubstantive amendment. We simply note that under the facts of this case, Smith treated the amended accusation as a superseding charging instrument, and that he cannot now profit from an error that he induced.[5] And as we have previously noted:

---

[2] 34 Ga. 323 (1866).

[3] 231 Ga. 181 (200 SE2d 728) (1973).

[4] See OCGA § 17-8-3 ("After the case has been submitted to a jury, a nolle prosequi shall not be entered except by the consent of the defendant.").

[5] See *Murray v. State*, 256 Ga. App. 736 (569 SE2d 636) (2002).

[a] defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury had been impaneled and sworn. The pendency of a prior indictment for the same offense based on the same facts for which the defendant may have been arraigned on and entered a plea of not guilty does not place a defendant in jeopardy, and he does not face a repeated prosecution simply because he is tried on a subsequent indictment. . . . Whenever he has been acquitted or convicted upon any one of them, [only then] he can plead such acquittal or conviction in bar of a prosecution of any of the others.[6]

In the present case, it is undisputed that the defendant was not arraigned on the amended accusation, that he refused to waive arraignment, and that he treated the amended accusation as a superseding charging instrument. "Jeopardy not having attached, the entry [of nolle prosequi] without consent of [the] defendant was not error."[7] Accordingly, we affirm the trial court's denial of the defendant's motion.

*Judgment affirmed. Andrews, P. J., Johnson, P. J., and Ellington, J., concur. Eldridge, Miller and Adams, JJ., dissent.*

ELDRIDGE, Judge, dissenting.

The only issue in this case is whether, as a matter of law, arraignment and joinder of issue on an accusation relates to a nonsubstantive amendment thereto. If it does, then entering a nolle prosequi on the accusation and its amendment after a jury has been impaneled and sworn precludes retrial on the charges in the nolle prossed documents,[8] and the denial of Smith's plea in bar was error.

It is undisputed that Smith was arraigned on Accusation No. SU-01-CR-1437 and that issue was joined. It is also undisputed that, thereafter, the State made a single, nonsubstantive amendment to Accusation No. SU-01-CR-1437 in order to change one of the counts of theft by retaining so that it reflected that the rightful owner of the two boxes of bubble gum unlawfully retained was "Party Time," not "Mark's Hallmark" store.[9] During trial, it was discovered that Smith

---

[6] (Punctuation omitted.) *Hubbard v. State*, 225 Ga. App. 154, 155-156 (483 SE2d 115) (1997).

[7] (Citations omitted.) *McIntyre v. State*, 189 Ga. App. 764, 765 (377 SE2d 532) (1989).

[8] *Marshall v. State*, 275 Ga. 218, 219 (2) (563 SE2d 868) (2002); *Casillas v. State*, 267 Ga. 541, 542 (2) (480 SE2d 571) (1997) ("The entry of a nolle prosequi is a bar to a subsequent indictment if it is entered without the defendant's consent after he is placed in jeopardy.").

[9] See *Greeson v. State*, 253 Ga. App. 161, 165 (558 SE2d 749) (2002) (specific owner of goods not an essential element of theft).

was not "arraigned" on the single amendment to the Accusation. The trial court granted the State's motion to enter a nolle prosequi "as to the original and amended accusation because the defendant had not been arraigned prior to trial."

This Court has previously found no authority for the proposition that a nonsubstantive, corrective amendment to an accusation requires the State to arraign a defendant a second time before proceeding to trial.[10] The purpose of arraignment is notice,[11] which is not frustrated when a nonsubstantive change is made to an accusation prior to trial. Indeed, we have held that the State may make a nonsubstantive amendment to an accusation in the middle of trial.[12] An amendment to an accusation is not a "new" prosecution, but a continuation of the original.[13] Accordingly, Smith's arraignment on Accusation No. SU-01-CR-1437 was effective and related to the single corrective amendment made to that Accusation; "re-arraignment" was not required.[14] After jeopardy had attached, the nolle prosequi of the Accusation and amendment without Smith's consent precluded retrial on the charges contained in those documents.[15]

The majority seeks to avoid this result because "Smith took the position at trial that the amended accusation was in fact a superseding charging instrument." But, a criminal charging document such as an accusation is a legal instrument, the function and sufficiency of which is determined as a matter of *law*, not fact.[16] So, whether defendant Smith believed the amendment was a "superseding charging instrument" does not control when — as a matter of law — the amendment was *not* a superseding charging instrument.[17] The duty of this Court to consider the legal ramifications of offenses contained in a charging instrument in relation to Georgia's statutory bar against successive prosecutions has never been usurped by a party's incorrect interpretation.[18] In that regard, it harms credibility for this Court to refuse to distinguish cases involving arraignment and prosecution on *separate indictments*, such as *Hubbard v. State*,[19]

---

[10] *Vanorsdall v. State*, 241 Ga. App. 871, 874-875 (528 SE2d 312) (2000).

[11] *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358) (1983).

[12] *Kall v. State*, 257 Ga. App. 527, 528-529 (1) (571 SE2d 520) (2002).

[13] *Prindle v. State*, 240 Ga. App. 461, 462 (1) (523 SE2d 44) (1999).

[14] *Vanorsdall v. State*, supra; *Wrigley v. State*, 248 Ga. App. 387, 391 (546 SE2d 794) (2001).

[15] *Marshall v. State*, supra at 219-220.

[16] OCGA §§ 17-7-71; 17-7-54; *State v. Marlowe*, 277 Ga. 383 (589 SE2d 69) (2003); *State v. Eubanks*, 239 Ga. 483, 486 (238 SE2d 38) (1977).

[17] OCGA § 17-7-71 (f); see *Prindle v. State*, supra at 462 (rejecting defendant's claim that amended accusations were independent charging instruments filed outside two-year statute of limitation).

[18] OCGA § 16-1-7; *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002).

[19] 225 Ga. App. 154, 155-156 (483 SE2d 115) (1997).

when the sole issue before us is the nexus between an accusation, an arraignment thereon, and a single nonsubstantive *amendment* to that accusation, not separate indictments. Further, contrary to the assertion of the majority, the error in this case arises through the entry of the nolle prosequi, which was not "induced" by Smith who objected to it. Any "induced error" belongs to the State which moved to nolle prosse the Accusation and amendment, even while the prosecutor recognized that such motion was "procedurally in terms of double jeopardy I think . . . kind of tricky."

Under the circumstances presented in this case, I would hold that the nonconsensual entry of a nolle prosequi on the Accusation and its amendment after the jury was impaneled and sworn precludes Smith's retrial on the charges contained therein. Consequently, it was error to deny his plea in bar, and I respectfully dissent.

I am authorized to state that Judge Miller and Judge Adams join in this dissent.

DECIDED JUNE 14, 2004 —
RECONSIDERATION DENIED JULY 1, 2004 — 

*Marcy A. Jolles, Benjamin A. Pearlman,* for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney,* for appellee.