### S04G1878. SMITH v. THE STATE.
#### (614 SE2d 79)

BENHAM, Justice.

Tommy Lee Smith was charged by accusation with offenses including felony theft by shoplifting and misdemeanor theft by receiving. After arraignment, the State amended the accusation to change the name of the owner of the goods in one of the theft by receiving counts. At trial on the amended accusation, when the parties realized Smith had not been arraigned after the amendment, Smith moved for a mistrial and the State, after extensive colloquy between counsel and the trial court, moved to enter a nolle prosequi as to the original accusation and the amended accusation. Over Smith's objection, the trial court permitted the entry of nolle prosequi and dismissed the jury. When Smith was subsequently indicted for the same crimes, he filed a plea of former jeopardy which the trial court denied. On appeal from that denial, the Court of Appeals held that Smith, by taking the position that the amended accusation was a superseding charging instrument, induced any error in the trial court. *Smith v. State*, 268 Ga. App. 231 (601 SE2d 708) (2004). Based on that holding, the Court of Appeals treated the amended accusation as a superseding charging instrument and ruled that since Smith had not been arraigned after the amendment, he was not put in jeopardy at trial. This Court granted certiorari, asking,

> Did the Court of Appeals err in concluding that Smith induced the trial court to commit error in construing the amended accusation as a superseding charging instrument and by relying on *Hubbard v. State*, 225 Ga. App. 154, 155-156 (483 SE2d 115) (1997), to support the finding that jeopardy did not attach?

1. As background for the following discussion, we note that when a nolle prosequi is entered over the objection of a defendant after jeopardy has attached, a retrial on those charges is barred. *Marshall v. State*, 275 Ga. 218 (2) (563 SE2d 868) (2002). A superseding charging instrument is one which issues without the dismissal of a prior charging instrument. See *Lopez v. State*, 267 Ga. App. 178 (1) (598 SE2d 898) (2004). The relevance in the present case of the question whether the amended accusation constituted a superseding

charging instrument is that the answer determines whether jeopardy attached prior to the entry of the nolle prosequi. If the amended accusation was a superseding charging instrument, jeopardy would not attach by virtue of trial without arraignment on that charging instrument. *Hardwick v. State*, 231 Ga. 181, 183 (6) (200 SE2d 728) (1973) ("Until arraignment or a waiver thereof there can be no jury impaneled and no placing of the defendant in jeopardy."). If the amendment did not create a new charging instrument, the previous arraignment was sufficient (*Vanorsdall v. State*, 241 Ga. App. 871 (2) (a) (528 SE2d 312) (2000)) and, therefore, jeopardy attached when the jury was impaneled and sworn (*Laster v. State*, 268 Ga. 172 (1) (486 SE2d 153) (1997)), before the nolle prosequi was entered.

2. The Court of Appeals pretermitted the question whether the amendment to the accusation created a superseding charging instrument by holding that Smith induced any error because he refused in mid-trial to waive arraignment and thereby "treated the amended accusation as a superseding charging instrument. . . ." *Smith v. State*, supra, 268 Ga. App. at 232. However, Smith was not alone in treating the amended accusation as a superseding charging instrument since the trial court and the prosecution made the same assumption. The error, if any, was the entry of nolle prosequi over Smith's objection, not the legal analysis of the effect of the amendment. The erroneous conclusion of the prosecution in a way that would prevent retrial was not induced by Smith who objected to it and, in fact, sought a conclusion to the trial which would not have barred retrial. Contrary to the holding of the Court of Appeals, the trial court's action in permitting the entry of a nolle prosequi cannot be attributed to Smith.

The assertions by the dissent that Smith "played an instrumental part in the trial court's treatment of the amended accusation as a superseding charging instrument," that Smith "did not contend below that the amended accusation was not a superseding charging instrument," that "the purported mischaracterization" of the amended accusation as a superseding charging instrument was "fostered by Smith," and that "Smith urged that the amended accusation was a superseding charging instrument" are inventions without support in the record. The transcript does not contain the colloquy in which the trial court was informed that the accusation had been amended or the point in the trial when the trial court came to the mistaken belief that the amended accusation was a superseding charging instrument, and nothing in the transcript suggests that Smith was responsible for that mistaken belief expressed by the trial court and the prosecuting attorney. The dissent's unfounded conclusion that Smith was the cause of the trial court's misunderstanding of the effect of the amendment is no more likely, given the state of the record, than is the

notion that defense counsel opposed that position, but having lost the argument, sought to defend Smith's rights.

Contrary to the dissent's mischaracterization, we do not hold in this case that the trial court did not err enough. All we hold is that the trial court erred in permitting the entry of a nolle prosequi in this case after jeopardy attached and that Smith, in light of his objection to that course and his request for a remedy to the generally, but mistakenly, perceived state of the case that would not have resulted in an acquittal as a matter of law, cannot be held to have induced the trial court's error. The dissent unfairly puts on Smith full responsibility for keeping his own prosecution on track when the prosecuting attorney and the trial court also misunderstood the status of the case and the trial court insisted, over Smith's objections and the stated misgivings of the prosecuting attorney, that nolle prosequi be entered as to both the original and the amended accusation. The error in the trial court was made by the trial court, not Smith.

3. The Court of Appeals relied on *Hubbard v. State*, 225 Ga. App. 154, 155-156 (483 SE2d 115) (1997), for the proposition that since Smith had not been arraigned on the amended accusation, he was not placed in jeopardy by being brought to trial on that accusation, and the entry of nolle prosequi over his objection did not, therefore, bar retrial. Whether the Court of Appeals' reliance on *Hubbard* was proper in this case depends on the answer to the question which the Court of Appeals pretermitted, whether the amendment to the accusation created a superseding charging instrument necessitating a new arraignment.

"Prior to trial, the prosecuting attorney may amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation." OCGA § 17-7-71 (f). Since such an amendment does not constitute the commencement of a new prosecution (*Prindle v. State*, 240 Ga. App. 461 (1) (523 SE2d 44) (1999)), the amendment of the accusation in this case did not create a superseding charging instrument, which is as noted above, a new charging instrument issued without dismissal of a prior charging instrument.

The State and the dissent argue that because the accusation included one felony count, OCGA § 17-7-70.1 (the statutory authority for charging certain felonies by accusation rather than indictment) prevented amendment of one of the misdemeanor counts because an indictment cannot be similarly amended. The cited Code section does not expressly forbid the amendment of such accusations, but the State and the dissent rely on language in the Code section providing "defendants shall be tried on such accusations according to the same

rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury [and,] . . . [a]ll laws relating to rights and responsibilities attendant to indicted cases shall be applicable to cases brought by accusations signed by the district attorney." Our reading of the statute persuades us that this language refers to the trial of the case brought by accusation, not to the process by which the accusation is produced and the defendant is brought to trial. See *Lynn v. State*, 236 Ga. App. 600 (1) (512 SE2d 695) (1999), noting that the statute guarantees a "regular judicial trial that is conducted precisely as in cases where the defendant was indicted," citing *Lamberson v. State*, 265 Ga. 764, 766 (1) (462 SE2d 706) (1995).

Were the strained interpretation put on the statute by the State and the dissent to be the law, it would undo the good done by the enactment of OCGA § 17-7-70.1 in 1992 to give district attorneys authority to charge certain felonies by accusation rather than by indictment. The streamlined charging process, which this Court found in *Lamberson v. State*, supra, to afford due process to those charged by accusation with the felonies enumerated in the statute, would be thwarted by imposing on that process, by use of guarantees relating only to the trial of cases, all the formalities the statute sought to obviate. Such an unreasonable result would be particularly absurd in the context of the present case where the amendment to the accusation related solely to one of the misdemeanor counts and did not affect the felony count of the accusation at all. We conclude, therefore, that OCGA § 17-7-70.1 does not import into prosecutions based on accusations all the procedural rules applicable to indictments, as the State and the dissent argue, and that the amendment of one of the misdemeanor counts, permissible under OCGA § 17-7-71, was not forbidden by OCGA § 17-7-70.1.

Since, as noted above, amendment of the accusation did not constitute the commencement of a new prosecution (*Prindle v. State*, supra), the previous arraignment was sufficient (*Vanorsdall v. State*, supra) and jeopardy attached before the nolle prosequi was entered over Smith's objection. Consequently, prosecution of the offenses charged in the accusation is barred by former jeopardy. *Marshall v. State*, supra. The trial court's denial of Smith's plea of former jeopardy was error and the affirmance of that denial by the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

The majority reverses the judgment of the Court of Appeals in this case, concluding that, by entering the nolle prosequi, the trial court committed reversible error which was not induced by Smith. In

my opinion, the trial court did not err and, even assuming that it did, any error was induced by Smith. Therefore, I dissent.

As the majority acknowledges, the existence of error vel non depends upon whether the amended accusation in this case was a superseding charging instrument. A superseding charging instrument has been defined as one which formally alleges that the defendant committed a crime, but which was returned without dismissal of a prior instrument charging him with the offense. See *Lopez v. State*, 267 Ga. App. 178, 179 (1) (598 SE2d 898) (2004). If the amended accusation was a superseding charging instrument, it was not error to enter the nolle prosequi, since Smith had never been arraigned on it and, consequently, had never been placed in jeopardy. " ' "A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled guilty and a jury has been impaneled and sworn. [Cit.]" [Cit.]' [Cit.]" *Hubbard v. State*, 225 Ga. App. 154, 155 (483 SE2d 115) (1997). See also *Bryans v. State*, 34 Ga. 323 (1866). "A nolle prosequi . . . may be entered without the consent of the accused at any time prior to the attachment of jeopardy. [Cits.]" *McIntyre v. State*, 189 Ga. App. 764, 765 (1) (377 SE2d 532) (1989).

The majority relies upon OCGA § 17-7-71 (f) for the proposition that the amended accusation did not constitute a superseding charging instrument to which the right of arraignment attached. That might be correct if the accusation had charged Smith with only misdemeanor offenses. See *Vanorsdall v. State*, 241 Ga. App. 871, 874 (2) (a) (528 SE2d 312) (2000); *Prindle v. State*, 240 Ga. App. 461 (1) (523 SE2d 44) (1999). However, the accusation charged him with felony shoplifting, as well as misdemeanors. Accordingly, the applicable provision is OCGA § 17-7-70.1 (a) (1), (2), which provides, in relevant part, that

> defendants shall be tried on such accusations [as charge certain enumerated felonies, including shoplifting,] according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury. All laws relating to rights and responsibilities attendant to indicted cases shall be applicable to cases brought by accusations signed by the district attorney.

Georgia has long adhered to the principle that, " '[g]enerally, a person indicted for or charged with an offense against the laws of this state is entitled as a matter of right to be arraigned before pleading to the indictment . . . .' [Cit.]" *Shorter v. State*, 155 Ga. App. 609, 610 (1) (271 SE2d 741) (1980). Indeed, it is reversible error for a trial court to require a defendant to go to trial on an indictment "when [he] was not

formally arraigned and refused specifically to waive such arraignment." *Presnell v. State*, 159 Ga. App. 598 (284 SE2d 106) (1981). Thus, the express preservation in OCGA § 17-7-70.1 (a) (1), (2) of the "same rules of substantive and procedural laws" and "[a]ll laws relating to rights and responsibilities" as are applicable in criminal cases pursued by way of indictment is significant. It renders the amended accusation in this case a superseding charging instrument as a matter of law, because it was, in effect, a "reindictment" of Smith on a felony charge, to which the right of formal arraignment attached. Thus, even though the prosecutor had the authority to amend the accusation under OCGA § 17-7-71 (f), Smith nevertheless retained the right to a formal arraignment on that amended accusation in accordance with OCGA § 17-7-70.1 (a) (1), (2). It is undisputed that Smith did not waive that right, so the trial court properly granted the nolle prosequi. The majority seeks to avoid this result by concluding that the "language [of OCGA § 17-7-70.1 (a) (1), (2)] refers to the trial of the case brought by accusation, not to the process by which the accusation is produced and the defendant is brought to trial. [Cit.]" P. 399. This interpretation is clearly contrary to the express terms of OCGA § 17-7-70.1 (a) (1), which specifies that an accused "shall be tried . . . according to the same rules of substantive and *procedural* laws relating to defendants who have been indicted by a grand jury." (Emphasis supplied.) An arraignment is certainly a procedural right of the defendant who has been indicted. Moreover, OCGA § 17-7-70.1 (a) (2) is not limited to the actual trial proceedings, but refers to "[a]ll laws relating to rights and responsibilities attendant to *indicted cases* . . . ." (Emphasis supplied.) "Arraignment is a critical stage in a criminal prosecution in this state not only because the defendant must enter a plea, [cit.] but also because USCR 31.1 mandates that pre-trial motions be filed at or before arraignment." *Ledford v. State*, 247 Ga. App. 885, 886 (545 SE2d 396) (2001). Therefore, even assuming that arraignment is not considered a part of a criminal trial, it certainly is deemed a crucial procedural stage in all criminal cases initiated by indictment.

> Until arraignment and plea, there is no issue between the State and prisoner. [Cit.] It is conceded on all hands, that there had been in this case no arraignment of the prisoner, nor waiver of it. There could, consequently, be no plea to the indictment. The empaneling of a jury then was, merely an irregularity.

*Bryans v. State*, supra at 324. Therefore, absent Smith's waiver of his procedural right to an arraignment, OCGA § 17-7-70.1 (a) (1), (2)

precluded proceeding with his trial on the accusation charging him with one or more of the enumerated felonies.

Furthermore, even assuming that, contrary to the unambiguous terms of the statute, the majority is otherwise correct when it holds on p. 399 that "OCGA § 17-7-70.1 does not import into prosecutions based on accusations all the procedural rules applicable to indictments," it nevertheless appears that any error in this case was induced by Smith himself. In rejecting the applicability of the induced error principle, the majority concludes that "Smith was not alone in treating the amended accusation as a superseding charging instrument since the trial court and the prosecution made the same assumption." P. 397. By very definition, however, the concept of "induced error" is intended to apply in those instances in which the appellant attacks on appeal a ruling of the trial court that he was responsible for invoking. " 'A party cannot reap the benefit of any error caused or aided by his own trial tactics, procedure or conduct.' [Cit.]" *Carr v. State*, 262 Ga. App. 676, 680 (2) (586 SE2d 337) (2003). Therefore, the fact that Smith played an instrumental part in the trial court's treatment of the amended accusation as a superseding charging instrument is simply not a valid ground for holding that the induced error principle cannot be invoked against him. To the contrary, his success in that regard is precisely the reason why that principle should apply. In my opinion, the Court of Appeals correctly held that, under the circumstances presented here, Smith "cannot now profit from an error that he induced. [Cit.]" *Smith v. State*, 268 Ga. App. 231, 232 (601 SE2d 708) (2004).

The majority observes that amendment of the accusation did not constitute the commencement of a new prosecution, and that Smith's arraignment on the previous accusation was sufficient. See *Vanorsdall v. State*, supra; *Prindle v. State*, supra. If that is true, then the trial should have proceeded on the amended accusation. However, Smith never asserted his right to go forward with the trial. Instead, he moved for a mistrial, and maintained in the Court of Appeals that "the proper remedy was . . . to nolle prosequi the amended accusation and proceed with a new trial on the original accusation." *Smith v. State*, supra at 232. Thus, Smith did not contend below that the amended accusation was not a superseding charging instrument. "Indeed, by refusing to waive arraignment as to the amended accusation and then moving for mistrial, Smith took the position at trial that the amended accusation was in fact a superseding charging instrument." *Smith v. State*, supra at 232. Therefore, he caused or aided in the trial court's treatment of the amended accusation as a superseding charging instrument on which he could not be tried unless and until he had been arraigned separately thereon. It is clear that, if the trial court had granted the mistrial that Smith sought, no

reversible error would have occurred. "Generally, where a mistrial is granted on the defendant's motion, double jeopardy does not bar a retrial . . . ." *Weems v. State*, 269 Ga. 577, 580 (4) (501 SE2d 806) (1998). It is also clear that, had Smith's motion for mistrial been granted, he could not now complain of the subsequent entry of the nolle prosequi. "[A] nolle prosequi entered after mistrial, even without the consent of defendant, does not have the effect of acquittal." *Rhyne v. State*, 209 Ga. App. 548, 550 (1) (434 SE2d 76) (1993), aff'd, 264 Ga. 176 (442 SE2d 742) (1994).

Therefore, the majority's rather odd rationale for refusing to apply the induced error principle in this case appears to be that the trial court did not err "enough." Had it erroneously granted the motion for mistrial that Smith actually insisted on, and then subsequently entered the erroneous nolle prosequi of the amended accusation, then a retrial presumably would not be barred. See *Weems v. State*, supra; *Rhyne v. State*, supra. However, because the trial court acted on the purported mischaracterization, fostered by Smith, of the amended accusation as a superseding charging instrument to which jeopardy did not attach until arraignment, the majority holds that the limited error in treating it as such by granting the motion for nolle prosequi is reversible. With the benefit of hindsight, it is possible for the majority to conclude that the proper remedy in this case was to deny Smith's motion for mistrial and also to deny the State's nolle prosequi motion as to the amended accusation. However, our present inquiry should be limited to determining whether, considering what was asserted below, the trial court committed reversible error when it responded to Smith's insistence on ending his trial on the amended accusation. The majority concludes that it would be unconstitutional to retry Smith. However, a retrial was precisely what he sought when he urged that the amended accusation was a superseding charging instrument and moved for a mistrial. The only difference is that his retrial would have been conducted on the amended accusation, rather than on the original instrument. If the majority is correct, however, trying Smith on the amended accusation was always proper. Having obtained the right to have the retrial that he sought, Smith cannot now claim that he will be harmed simply because he will receive it as the result of an erroneous nolle prosequi, rather than the erroneous grant of his motion for mistrial. " 'A self-induced error is too close to premeditated error, hence beyond further appellate scrutiny.' [Cits.]" *Gordon v. State*, 252 Ga. App. 133, 135 (2) (555 SE2d 793) (2001). Because, by contending that the amended accusation was a superseding charging instrument and by insisting that it be treated as such, Smith was responsible for inducing the retrial of which he now complains, the error is not reversible and, consequently, the judgment of the Court of Appeals to that effect should be affirmed.

*Marcy Ann Jolles, Benjamin A. Pearlman*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.