A07A0695. THE STATE v. AYCOCK.
(643 SE2d 249)

BLACKBURN, Presiding Judge.

The State appeals the trial court's order granting Johnny Jasper Aycock's plea in bar, in which Aycock demonstrated that the State was trying him on the same charges it had nolle prossed (over his objection) during an earlier bench trial. We agree with the trial court that the swearing of the witnesses in the prior trial caused jeopardy to attach and that the State improperly terminated that case when it nolle prossed the charges over Aycock's objection. Accordingly, we affirm.

The record reveals that in October 2005, the State indicted Aycock on charges of rape, kidnapping with bodily injury, and aggravated child molestation arising out of his alleged actions involving a minor female (L. A. E.) on April 18, 1996. The State asserted no special circumstances to explain the delay in bringing the indictment. A bench trial ensued in March 2006, with the State presenting the sworn testimony of four witnesses, who testified that an unknown assailant had sexually assaulted L. A. E. on April 18, 1996.

During the testimony of the fourth witness, the State sought to introduce certain DNA evidence to show it did not learn the identity of Aycock as L. A. E.'s assailant until September 2005. Because the seven-year statute of limitation apparently ran in 2003 (see former OCGA § 17-3-1 (1995); amended to fifteen years on July 1, 1996, see Ga. L. 1996, p. 1115, § 4), Aycock objected to the evidence, citing to *Moss v. State*[1] for the following proposition:

It has long been the law in Georgia in a criminal case, where an exception is relied upon to prevent the bar of the statute of limitations, it must be alleged and proved. Such proof is inadmissible unless the exception sought to be proved is alleged. Furthermore, the exception must be alleged in the indictment. As no exception was alleged in the indictment,

[1] *Moss v. State*, 220 Ga. App. 150 (469 SE2d 325) (1996).

the State [is] incapable of proving an exception to toll the applicable . . . statute of limitation, as such proof was inadmissible.

(Citations and punctuation omitted.) See *State v. Stowe*.[2] Cf. OCGA § 17-3-2. Finding the objection well-founded, the trial court ruled the evidence inadmissible.

Even though Aycock vehemently objected and pointed out that jeopardy had attached, the State then nolle prossed the charges with permission of the court. Four months later, the State re-indicted Aycock on the same charges, this time alleging in each count that the State did not learn of Aycock's identity as the assailant until September 2005. Asserting double jeopardy, Aycock filed a plea in bar, which the court granted. The State appeals.

"No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. "The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Punctuation omitted.) *Wilson v. State*.[3] See *Puplampu v. State*.[4]

OCGA § 16-1-8 (a) (2) provides that

[a] prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution . . . [w]as terminated improperly . . . in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts.

It is undisputed that witnesses were sworn and even testimony received at the time the State terminated the prosecution here. The question therefore is whether nolle prossing the charges constituted an improper termination of the prosecution.

The answer is a resounding "yes." "It is well established that a court may not enter a nolle prosequi after the case has been submitted to a jury except by consent of the defendant, and entering a nolle pros without the defendant's approval after he has been placed in jeopardy

---

[2] *State v. Stowe*, 167 Ga. App. 65, 68 (306 SE2d 663) (1983) (on motion for rehearing).

[3] *Wilson v. State*, 229 Ga. App. 455 (494 SE2d 267) (1997).

[4] *Puplampu v. State*, 257 Ga. App. 5-6 (570 SE2d 83) (2002).

constitutes error." *Marshall v. State.*[5] Indeed, a nolle prosequi entered after jeopardy has attached and without the defendant's consent "is equivalent to an acquittal on a plea of former jeopardy." *Rhyne v. State.*[6] Thus, "when a nolle prosequi is entered over the objection of a defendant after jeopardy has attached, a retrial on those charges is barred." *Smith v. State.*[7] See *Casillas v. State*[8] ("The entry of a nolle prosequi is a bar to a subsequent indictment if it is entered without the defendant's consent after he is placed in jeopardy.").

Inasmuch as the record reflects that jeopardy had attached in the prior bench trial by the swearing of witnesses, the State's nolle prossing those charges over Aycock's objection barred a retrial of those charges, regardless of the reason for the State's decision to do so. We therefore affirm the trial court's grant of Aycock's plea in bar. See *Puplampu*, supra, 257 Ga. App. at 6.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 19, 2007 —
RECONSIDERATION DENIED MARCH 6, 2007 — 

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellant.

*Steven M. Harrison*, for appellee.

[5] *Marshall v. State*, 275 Ga. 218, 219 (2) (563 SE2d 868) (2002).
[6] *Rhyne v. State*, 209 Ga. App. 548, 550 (1) (434 SE2d 76) (1993).
[7] *Smith v. State*, 279 Ga. 396 (1) (614 SE2d 79) (2005).
[8] *Casillas v. State*, 267 Ga. 541, 542 (2) (480 SE2d 571) (1997).